MAXWELL
*vs*
McATEE.

---

TRESPASS,
*Qu. Clau.*
*Fregit.*
Case 6.
*December* 13.

## Maxwell *vs* McAtee.

APPEAL FROM THE MARION CIRCUIT.

*Passways. Right of way. Grants.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

The case stated, pleadings and evidence.

THIS action of trespass *quere clausum fregit*, was brought by Maxwell *vs* McAtee, for pulling down the plaintiff's gate and adjoining fence. The defendant pleaded the general issue, with leave to give special matter in evidence, and on the trial, attempted to justify the pulling down of the gate and fence, under claim of a private passway, or right of way (for five years,) over the plaintiff's land, and entering upon it at the place where the gate stood.

The evidence sufficiently establishes the fact, that there was a parol agreement between the defendant and the plaintiff's vendor, several years before the purchase, that the defendant should have a passway of a few feet in width across the land in question, commencing at the place where the gate stood; that at the time the land was enclosed by a fence and a gate, at the place where the plaintiff's gate stood, that nothing was said in the agreement about the passway being used with or without a gate, but that during a great portion of the time, after the agreement, there had been a gate in the same place, and the defendant had used and enjoyed the passway in both conditions. There was perhaps no gate standing when the plaintiff purchased, and he erected a new gate, which with the adjoining pannel of fence, the defendant pulled down within the five years.

Conceding that the agreement for the passway was in terms equivalent to a grant, and that the parol grant of a passway for five years was valid, still it is evident that the general grant of a passway, or right of way, over the land of the grantor at a particular place, does not confer either the possession or the right of possession of the land, but the mere right of way, or of passing over it. And nothing passes as incident to such a grant, but that which is necessary for its reasonable and proper enjoyment, (3 *Kent's Com. 420*;) *Lyman* vs *Arnold*, (5 *Mason*, 195.) Notwithstanding such a grant, there remains with the grantor the right of full dominion and use of the land, except so far as a limitation of his right is essential to the fair enjoyment of the right of way which he has granted. It is not necessary that the grantor should expressly reserve any right which he may exercise consistently with a fair enjoyment of the grant. Such rights remain with him, because they are not granted. And for the same reason, the exercise of any of them cannot be complained of by the grantee, who can claim no other limitation upon the rights of the grantor, but such as are expressed in the grant, or necessarily implied in the right of reasonable enjoyment.

Is the grantor of a passway over his land restricted by the nature and object of the grant, from erecting gates at the termini of the passway, so as to enclose his land, and must he, unless the privilege of thus enclosing it is expressly reserved, leave it open or separate it from the passway by a lane, or a fence along its entire length? Is a gate of proper width, and opening in the ordinary way, either an unreasonable or an unusual obstruction of the private right of way over the land of another? Is it essential to the fair and convenient enjoyment of the right, that there should be no gate? The statutes which authorize the establishment of private passways, on application to the County Courts, contemplate the necessity or propriety of erecting gates across them, and provide that the applicant for the way shall pay the expenses. In view of this provision, and of the general convenience by which it was dictated, it might

---

*Sidenotes:*

MAXWELL
vs
McATEE.

A grant of a passway over the land of another confers no right in or power over the land but what is necessary to its reasonable and proper enjoyment, (3 *Knt. Com.* 420, 5 *Mason c. c. R.* 195.)

The grant of a right of way over or through the lands of an individual does not imply, that the grantor may not erect gates at the points where the way enters and terminates. It is reasonable that he should have this privilege, and it is not inconsistent with the right of way.

be safely assumed, that the grant of a passway in general terms, over a particular part of the grantor's land, does not imply a negation of his right to erect gates at the termini of the way in entering and leaving his land, and we suppose that among the proprietors and cultivators of land, such a grant would not be generally understood as depriving the owner of the land of the right of thus enclosing his land. But even if this were not so in general, we are satified that the necessary implication, from the circumstances under which the grant was made and the passway used in this case, is that the right of erecting or keeping up a gate in the usual way, was not suppposed or intended to be restricted, and therefore, that the defendant was not justified in pulling down the gate erected by the plaintiff, unless from some peculiarity about it, it impeded unreasonably, and more than gates commonly do, the convenient use of the passway.

The instructions implying that the plaintiff had no right to erect the gate across the passway, unless such right had been expressly reserved in the agreement by which the passway was given, are inconsistent with this view of the case, and in our opinion erroneous. The instruction which refers to a refusal of the plaintiff's vendor to deliver to him the possession of the land over which the passway had been given, is misleading and erroneous, because there was no evidence of such refusal. Nor is there any evidence that possession was not fully delivered to the plaintiff to the extent of his purchase, subject only to the defendant's right to a passway. The question as to the pulling down the fence, depends substantially on the same principles.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, on principles consistent with this opinion.

*Rountree and Fogle* for appellant; *Shuck and Hardin* for appellee.