SARAH R. AMES *vs.* JOSEPH P. SHAW.

York.    Opinion February 19, 1890.

*Way.    Easement.    Gates and bars.*

A way for agricultural purposes, whether created by grant or adverse use, may properly be subjected to gates and bars not unreasonably established.

The nature of the easement gained determines its character, and not the particular manner of the use that created the right.

ON MOTION.

This was a motion for a new trial on the ground of newly-discovered evidence, in a case submitted to the presiding justice without the intervention of a jury, and in which judgment was ordered for the plaintiff.

The action was case.    The plaintiff alleged that the defendant negligently and carelessly left open a gate, which plaintiff had built across a private way over his own land.    It was conceded that the defendant was legally entitled to use the private way for agricultural purposes.    One of the principal contentions, on the defendant's part, was whether the way could be made subject to gates or bars.

The first count in the declaration is as follows :—

In a plea of the case ; for that the plaintiff at York, in the county of York, on the first day of June A. D. 1887, was seized and possessed of a certain farm there situate adjoining the highway and also land of the defendant, across which said farm the defendant then and there had the right to pass and repass with carts and teams from said highway to defendant's said land, doing as little damage as possible.

That the plaintiff's said farm was then and during the days and time hereinafter mentioned, divided into pasture, field and tillage land and occupied and used by the plaintiff for agricultural purposes.    That the way over which the said defendant then and there had the right to pass and repass as aforesaid, crosses the said pasture, field and tillage land of the plaintiff, and

between which said pasture, and said field and tillage land the plaintiff then and there maintained a fence to protect his field and tillage land from his cattle, pastured on his said pasture land, and in which said fence at said way, the plaintiff set and provided a suitable and convenient gate-way and gate, through which said gate-way the said defendant could pass and repass as aforesaid, which said fence and gate were necessary and proper to enable the plaintiff to enjoy and use his said farm for the purposes aforesaid.

And the plaintiff avers, that whenever in the reasonable use by the defendant of said right to pass and repass over said way, the said defendant and those claiming under him opened the said gate, he and they were bound to close said gate and not leave the same open to admit the plaintiff's cattle to enter from the plaintiff's said pasture land into the plaintiff's said field and tillage land. And the plaintiff avers that the said defendant, at said York, on said first day of June A. D. 1887, and on divers other days and times between said first day of June and the day of the purchase of this writ, by himself and his servants passing along said way, opened the gate and negligently and carelessly left the same open, whereby the plaintiff was put to great trouble and inconvenience in guarding his said field and tillage land against his cattle aforesaid, and was then and there obliged to close said gate, and was greatly vexed and annoyed in the enjoyment of his premises aforesaid.

There was a second count alleging the gate was wrongfully and wilfully left open by the servants of the defendant.

Plea was the general issue, and a brief statement of special matter of defense that the way was an ancient one, and of necessity; defendant claiming a right to use the way unobstructed by gates, bars or other hindrances ; and denying that the gate was necessary to the enjoyment of the plaintiff's premises, etc.

The plaintiff having introduced evidence in support of her title to the land, over which the way ran, and proof of the acts of defendant complained of concerning the leaving open the gate, next claimed that the defendant's right of way originated under a deed of one of her predecessors in title to a predecessor in the

title of the defendant, dated February 14, 1817. The particular clause in the deed thus relied on was as follows : "Lower half of Godfrey's cove pasture, with the privilege of passing and re-passing to said premises with carts and horses through said Daniel's land, the most convenient way at all times and seasons doing as little damage as possible."

Other evidence was admitted showing that the premises, over which the way was claimed, were used as a farm for agricultural purposes; that the plaintiff had built a farm-house and barn thereon; enclosed about three acres of the pasture adjacent to the buildings and including the place where the way ran; and erected a slight swing-gate across the way.

The presiding justice ruled, as a matter of law, that the grantor of a way over agricultural land retains the right to erect gates across it in the reasonable use of the land; and found, as matter of fact, the conduct of the plaintiff was reasonable.

The case was argued and decided upon the assumption that the right of way arose under the grant in the deed above recited.

The defendant then moved for a new trial on the ground of surprise and newly-discovered evidence, alleging that he had no knowledge before the trial of the grant of way in said deed, and that he has since discovered that the way created by said deed was entirely different and distinct from the way now used by him, and that his right of way where the new gate stands arose by adverse user.

A report of the testimony taken in support of the motion is omitted.

*Woodman and Thompson*, for plaintiff.

*James Barr Ames*, of counsel.

Laches of defendant : *Atkinson* v. *Connor*, 56 Maine, 546, 550 ; *Hunter* v. *Randall*, 69 Id. 183, 191, and cases cited ; *Morgan* v. *Stearns*, 25 Vt. 570 ; *Weimer* v. *Lowery*, 11 Cal. 104, 113 ; *Simpkins* v. *Wilson*, 11 Ind. 541 ; *Shiels* v. *Lamar*, 58 Ga. 590, 594 ; *Metcalf* v. *Williams*, 104 U. S. 93, 95–6.

*Ira T. Drew, Charles G. Keyes and Rufus P. Tapley*, for defendant.

The deed of February 14, 1817 did not establish this right of way in controversy. The fact is established that the rights of the parties were determined, under an instrument having no relation to them.

Remedy : *Norton* v. *Marden*, 15 Maine, 45; *Starbird* v. *Curtis*, 43 Id. 352; *Millet* v. *Holt*, 60 Id. 169; *Appleton Bank* v. *McGil-very*, 4 Gray, 522; *Quimby* v. *Carr*, 99 Mass. 463 ; *Talbot* v. *Bank*, 129 Mass. 67.

The power given to the court, to set aside findings is to correct errors and promote justice.

HASKELL, J.   The motion is grounded upon evidence tending to establish a way by adverse use, distinct and separate from the one described in the Raynes deed that was supposed, at the trial, to be the way in dispute.

Suppose this contention be established, the respective rights of the parties are the same.   The deed grants an agricultural way, and the evidence reported shows no more than a way of the same kind, a way for agricultural purposes.   It is true that a way gained by adverse use gives rights commensurate with the adverse use, but if the use be for agricultural purposes only, then the way becomes a way for that use, a use to be exercised in a reasonable manner ; and reasonable use of a way for agricultural purposes, whether created by grant or adverse user, may properly be subjected to gates and bars not unreasonably established.   The way may be gained without being so obstructed at all, but it is nevertheless a way for a particular use, and in the enjoyment of that use, unreasonable obstructions only are prohibited.   The nature of the easement gained determines its character, and not the particular manner of the use that created the right.   *Short* v. *Devine*, 146 Mass. 119 ; *Bean* v. *Coleman*, 44 N. H. 539 ; *Bakeman* v. *Talbot*, 31 N. Y. 366; *Brill* v. *Brill*, 108 N. Y. 511; *Maxwell* v. *McAtee*, 9 B. Mon. 20.

Since the case shows the defendant entitled to a way for agricultural purposes only, it is immaterial whether his rights arise under the deed or by adverse user, and a new trial could do him no good.   The decision in either case would be the same.   The

plaintiff did not unreasonably obstruct the defendant's way, and he must use it subject thereto.

*Motion overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.