Miler, &c., v. Pettit.

CASE 42.—SUIT BY BETSY JANE MILLER AND ANOTHER
AGAINST CHARLES S. PETTIT CONCERNING A
PASSWAY.—December 5.

# Miller, &c., v. Pettit

Appeal from Grant Circuit Court.

B. F. MENEFEE, Circuit Judge.

Judgment for defendants, plaintiffs appeal—
Reversed.

Easements—Ways—Prescription—Obstruction. — Where plaintiffs
had used a passway from their line to a pike along a branch
for between 30 and 40 years, free from gates or other ob-
struction, except at the boundary of plaintiff's land, defendant,
the owner of the way and the land adjoining it at the entrance
of the pike, could not obstruct the way by gates or by placing
poles in the branch, without proceeding under Ky. Stats.,
1903, section 4355, giving a county court jurisdiction to make
such alterations in a passway as justice may require, and to
establish gates if necessary.

H. CLAY WHITE, Attorney for appellant.

POINTS AND AUTHORITIES.

Although this was a parol grant of a passway, and under the
statute invalid, its use for more than 15 years continuously, gave
to appellants protection, not by the grant, but by adverse user.
(Settle v. Cox, etc., 28 Ky. Law Rep., 510; McGruder v. Potter, 25
Ky. Law Rep., 1336; Chenault v. Gravett, 27 Ky. Law Rep., 403;
Hansford v. Berry, 95 Ky. Law Rep., 403; Shake v. Frazier, 94
Ky., 143; Butt v. Napier, 14 Bush, 39; Bright v. Dunn, 12 Ky. Law
Rep., 689; O'Daniel v. O'Daniel, 88 Ky., 185; Gayle v. Rigg, 27.
Ky. Law Rep., 618; Smoot v. Wainscott, etc., 28 Ky. Law Rep., 233.)

WM. CARNES, Attorney for appellee.

The lower court was certainly authorized, from the proof in this case, to render the judgment as set out on page 76 of record, adjudging the same to be a private passway and a gate way. The case was tried out on the proof, there being no question of law to be settled. I can not see how appellant can complain, and ask this court to reverse the judgment of the lower court in the face of the proof. The lower court has tried this case from the proof as a jury would 'have done, and the judgment is certained by the proof. The finding of the lower court is not palpably against the evidence, but is sustained by the evidence, if the appellant puts the case in that light before this court, and this court has frequently said "a verdict of a jury shall not be set aside unless the same is palpably against the evidence, and not sustained by the same.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Sixty odd years ago, in the division of the lands of Steven Beverly among his children, Elizabeth Brooks, his daughter, received a tract of land not fronting on a public road, and was given a passway over his other lands to the public road to enable her to get in and out. The passway ran along a branch from her line to the public road, a distance of about 400 yards. There was a fence on each side of it. A gate was at her line, but no other gate was on it. • She and her husband thus held the land and the passway until the year 1875, when they sold and conveyed it to Pallas Miller. Pallas Miller lived upon it, using the passway until the year 1900, when he died, leaving his wife and daughter in possession; and they are still upon the land. Chas. S. Pettit owns the land on the west side of the passway. They brought this suit against him on January 23, 1906, alleging that they owned the passway and that he had obstructed it, to their damage in the sum of $250. They prayed judg-

ment determining their right to the passway, free from obstruction and for damages. The defendant did not controvert the plaintiff's right to the passway, but alleged in his answer that it was a gateway, that he had placed gates upon it as he had a right to do, and that he had not obstructed the passway. On final hearing the circuit court sustained the defendant's right to put gates across the passway, and dismissed the plaintiff's petition, with costs. From his judgment, they appeal.

The proof shows that about the year 1878, when Henry Morgan owned a small track of five acres on the west side of the passway near the pike, he erected gates across the passway at the pike, and at the extremity of his south line. Pallas Miller thereupon brought a suit against him. Two or three years after the gates were put up the matter was settled between Miller and Morgan, and the gates from that time on stood open. Miller is dead and Morgan was not introduced as a witness; but the proof is conclusive that these gates were not closed across the passway from the time of this settlement, which was two or three years after they were put up. Things stood thus when Morgan sold out to Pettit. When Pettit came in, the gates were hanging there, but not used. He thereupon put up a new gate near the old one at the extremity of his south line. Near where this south gate was put up there was a "jump off" in the rock, as the witnesses call it, so that the road down the branch was rough. To avoid this jump off, the parties had been driving upon the bank of the branch and along the bank for a few feet. This driving had been done to such extent that there was a beaten track there. Pettit put poles across the branch, and put a gate across the road on the bank. Mrs. Miller

claimed .that the branch was her road and had the
poles taken out. . He put them back, and she again
had them taken out. He put them back the third time,
and threatened to shoot any body who took them out.
She then brought this suit. The gate which he erected
on. the bank was wired up; that is, a wire was put
around the gate and post, and the ends of the wire
were twisted together. The result was that the
Millers. could not get through at all.

The proof shows that this passway was established
as a lane and without gates on it, except at the Miller
line. There. is nothing in the evidence conducing to
show a right to put other gates across it was re-
served; and, after such a great length of time, the
presumption is in favor of a grant of the way as it
has been used. The way is in the branch, and not
upon the bank. The defendant had no right to put
poles across the branch and stop the road there. The
branch is the road. The Millers have only a right to
the road as it has been used from its establishment.
.There are cases holding that where a passway is
open through woodland, the owner of the woodland
when he clears his land may erect such gates across
it as are reasonably necessary for the use of the
land. Green v. Goff, 153 Ill. 534, 39 N. E. 975; Hart-
man v. Fick, 167 Pa: 18, 31 Atl. 342, 46 Am. St. Rep.
.658; Ames v. Shaw, 82 Me. 379, 19 Atl. 856. It has
been held that the owner of the land may ordinarily
erect gates where the passway enters and where it
leaves his land. Maxwell v. McAtee, 9 B. Mon. 20,
48 Am. Dec. 409; Bland v. Smith, 23 Am. & Eng.
Cyc. of Law, 34 On the other hand, it has been held
that, where the way is acquired by prescription and
is used as a lane free from gates during the period
necessary for perfecting the title, none can be erected

afterward. Fankboner v. Corder, 127 Ind. 164, 26 N. E. 766; Shivers v. Shivers, 32 N. J. Eq. 578. The passway in question was established in 1843. It has been used since that time as far back as the witnesses can remember. Until recent years there was a fence on both sides of it, and no gate except where the passway began at Miller's line. If the right to a passway may be acquired by prescription, we can see no reason why a passway free from gates may not be acquired in like manner; and where the passway is fenced off as a lane, and is used as such for 30 or 40 years, it must be presumed after such a great length of time, when the parties are all dead, that the persons using the passway were the owners of a right of way, as they held it and used it. On the facts shown, the court should have required the defendant to remove the gate at the pike from the passway, and to take the poles out of the branch. He should also adjudge the plaintiff $50 as reasonable compensation for the obstruction of her way.

If it is proper that the passway be altered by the putting of gates on it or otherwise, relief may be had by an application to the county court under section 4355, Ky. St. 1903; but, until it is so altered, it must remain as it was. That section gives the county court full power to make such alterations as justice to the parties may require; but one of the parties may not alter the passway by his own act without the consent of the other.

Judgment reversed, and cause remanded for a judgment as herein indicated.