## Miller v. Miller.

(Decided January 17, 1919.)

Appeal from Logan Circuit Court.

1. Highways—Neighborhood Crossroad—Passway.—A neighborhood crossroad connecting two public roads which has gates across it

at some but not all property lines and which has been used for more than thirty years but which has never been accepted or controlled by any public authority as a public road, is not a public road, but a passway.

2.    Highways—Erection of Gates by Servient Owner.—The owner of the servient estate may erect and maintain gates across a passway at his outside property lines, and where said lines are in a creek, as near thereto as practicable.

H. C. TRUE and R. W. DAVIS for appellant.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Whippoorwill creek is the dividing line between the lands of plaintiff, now appellant, and defendant. The lands of both, and this creek, are crossed by a neighborhood road which connects two public county roads. About a year before this action was filed defendant had built a fence with a gate in it at this crossroad, about 75 feet back from the creek, so as to inclose his lands on the side next to plaintiff's land and the creek, and this was about as near to the creek and the division line as it was practicable to build a fence and gate. In this suit plaintiff sought to require defendant to remove the gate, alleging the road was a public county road. Defendant admitted building the gate across the road, which he concedes has been used as a neighborhood passway for a great many years, but he denied the road was a public road or more than a passway through his lands, and alleged the necessity of the gate and fence to enclose his land. The affirmative allegations of the answer were traversed of record. The court upon a trial dismissed the petition.

It was conclusively proven that the road or passway in question had been used for more than thirty years by the neighborhood, and that upon occasions the parties living upon and using it had by consent worked portions of it, especially at the ford where it crossed the creek, but there is no proof whatever that it was ever worked or controlled or considered as a part of the country's public road system. In fact the proof negatives any such acceptance or recognition, formal or informal, by any public authority. Nor does the proof show that the long continued use by the neighborhood or public of this way was as a public road, since at many points gates have been erected across it by the owners of other lands, through

which it runs, and even under our very liberal rule adopted in Riley vs. Buchanan, 116 Ky., 625, the necessary acceptance by the public as a public road is not shown. Hence, we conclude it was but a passway of prescriptive origin and did not affect defendant's title to the land, and his right to its full use, except that he could not do anything that would unreasonably interfere with the right of plaintiff and others to use it as a passway.

2. Counsel for appellant concedes the rule in this state to be that the owner of the servient estate may erect gates at the points where the passway enters and leaves his land (see Maxwell v. McAtee, 9 B. Mon. 20; Miller v. Pettit, 127 Ky. 419; Evans v. Cook, 33 R. 788, Raisor v. Lyons, 172 Ky. 314), but contends the gate complained of is not on the outside boundary line of defendant's land, and hence this case does not fall within that rule.

This gate is not on the outside boundary line and could not be so placed because that line is at low water mark on a large creek that would wash it out as often as erected, but it is we think as near that line as practicable, and its erection is within the rule, even if such right is limited to outside boundary lines—a question not here determined. Any other holding would be preposterous and especially hurtful to the plaintiff as well as the defendant, because if defendant would accept the difficult burden of maintaining his gate at the line, low water mark on his side of the creek, even in times of low water plaintiff would have to get out of his conveyance in the creek or on his side of it to open the gate, which would, we are sure, if attempted by defendant, call forth a complaint from plaintiff that such a gate unreasonably interfered with his right-of-way through defendant's land, and both common sense and a fair interpretation of the rule requires that a gate at a line in a creek shall be sufficiently removed therefrom to permit the owner of the servient estate to avoid high water dangers to the gate, and to permit the party entitled to use the right-of-way to get out of his conveyance so as to open and close the gate on the side of the creek where the gate is located.

Judgment affirmed.