## Hunt, et al. v. Sutton.

(Decided June 1, 1920.)

## Appeal from Christian Circuit Court.

1. Easements—Right of Way—Adverse User—Prescriptive Use.—
While the grant of a right of way, whether made by deed or
arising by prescription from adverse user for the statutory period,
does not necessarily imply that the owner of the land may not
maintain gates thereon, in the absence of express reservation
of such right, whether he should be permitted to exercise it must
depend upon the intention of the parties as shown by the cir-
cumstances of the case, the nature and situation of the prop-
erty subject to the easement and the manner in which it has
been used and occupied.
2. Easements—Erection of Gates on Passway—Prescriptive Use.—
The owner of the land may ordinarily erect gates on the pass-
way where it enters and where it leaves his land. But it seems
to be a well recognized rule that where the passway is acquired
by prescription and is used as an easement free from gates dur-
ing the period necessary for perfecting the title, none can be
erected afterward.
3. Easements—Erection of Gates on Passway.—Evidence in this
case examined and held sufficient to authorize the judgment en-
joining the erection by the landowner of gates upon the passway.

BREATHITT and ALLENSWORTH for appellants.

THOMAS P. COOK for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Christian
circuit court whereby the appellants, W C. and Alice M.
Hunt, at the suit of the appellee, W. H. Sutton, were com-
pelled by injunction to remove a gate from a passway
running through their land and claimed as of right by
the appellee, and perpetually restrained from erecting
other gates across the same.

The appellee owns and resides upon a hundred acre
tract of land in Christian county near Kelley, a station
of the Louisville and Nashville Railroad Company
and about a half mile from a turnpike running
from Hopkinsville to Madisonville. Kelley is appellee's
nearest railway station, likewise his voting place, and
there is located the church attended by himself and
family and also the district common school attended by
his children. To reach Kelley, Hopkinsville, the county

seat of Christian county, or any other place to which appellee could go by any sort of conveyance from his home, his only way or route is by the passway over appellants' land in question to the Hopkinsville and Madisonville turnpike, thence over same to the desired destination. The land of appellants, consisting of 480 acres, adjoins that of appellee on the north and east and lies between it and the turnpike.

The lands now owned by appellants and appellee were once parts of a large tract owned by one John Davis, who forty or fifty years ago by proper deeds then executed conveyed portions thereof to certain of his sons. To one of the sons, J. Webber Davis, was conveyed the tract now belonging to appellants. To another, Tom Davis, the tract now belonging to appellee, the conveyance to Tom being the first made. By successive sales and mesne conveyances the titles to the lands in question passed to and became vested in the present owners, respectively. When the land now owned by appellee was conveyed Tom Davis by his father, John Davis, the latter gave him the passway leading from the land over and through the land, then owned by him (John Davis) but later conveyed to J. Webber Davis and now the property of appellants, to the Hopkinsville and Madisonville turnpike. No mention of the passway was made in the deed from John Davis to Tom Davis, but though the grant thereof was by parol, it was undoubtedly made and the passway then defined and established substantially as it now runs and has since continuously existed.

It is alleged in the petition that the passway furnishes the only way of getting from and to the land and residence of appellee and that he and his vendors immediate and remote have had the free and uninterrupted possession, use and enjoyment thereof, as of right, adversely to appellants and all others for more than fifteen years before the institution of the action and, in fact, from and since the date of the deed from John Davis to Tom Davis, which was executed more than forty years ago; that at no time during such existence of the passway has there been any interference with appellee's or any of his vendors' use thereof, until shortly before the institution of this action, when the appellants, without right, maliciously and with the object of obstructing appellee's use of the passway, erected a gate across the same which is unconnected with a fence on either side and can serve

no purpose of effecting an inclosure of any field or other part of appellants' land. It is further alleged in the petition that the gate in question is so heavy of frame and the appliance for fastening it so difficult to move that appellee's little children in travelling the passway going to and from school will have neither the skill nor the strength to open it; and, in addition, that appellants were threatening to further obstruct the passway by the erection of other gates thereon, which threats they would certainly execute unless enjoined by the court from doing so.

Although the averments of the petition are traversed by the answer, considered as a whole the real defense it attempts to interpose is as to appellants' alleged right to erect and maintain gates upon and across the passway in as great number and at such points as they may see proper to place them. Indeed, it is frankly admitted by their able counsel that appellee has established by the weight of the evidence a prescriptive right to the passway as claimed, but argued that such right in the latter is not inconsistent with that of appellants to erect gates across it for the convenient operation of their farm. Looking to the evidence we find that it overwhelmingly establishes the right of appellee to the passway as an easement, and that such right has existed in him and his vendors for more than forty years, not merely by reason of his and their adverse user of the passway for more than the period required by the statute of limitations to bar the right of any owner of the servient estate to now deprive him of it, but also because of the express recognition by the owner of the servient estate of such right in him and his vendors during all the forty years of their enjoyment of it. We may, therefore, in entering upon the consideration of appellants' claim of right to maintain gates upon the passway, assume that appellee's right to the continued use of the passway by prescription is free of doubt.

This view of the case throws on appellants the burden of showing by a preponderance of the evidence that such right of appellee to the passway as an easement, has not deprived them, as owners of the servient estate, of the right to erect and maintain gates thereon. While the grant of a right of way, whether made by deed or arising by prescription from adverse user for the statutory period, does not necessarily imply that the owner of the land may not maintain gates thereon, in the absence of

express reservation of such right, whether he should be permitted to exercise it must depend upon the intention of the parties as shown by the circumstances of the case, the nature and situation of the property subject to the easement and the manner in which it has been used and occupied. An elaborate discussion of this doctrine, together with a review of the numerous authorities bearing thereon, may be found in the opinion in Raisor v. Lyons, 172 Ky. 314. In Miller v. Pettit, 127 Ky. 419, quoted in the opinion, *supra,* and the facts of which are much like those of the instant case, we said:

"It has been held that the owner of the land may ordinarily erect gates where the passway enters and where it leaves his land. Maxwell v. McAtee, 9 B. Mon. 20, 48 Am. Dec. 409; Bland v. Smith, 23 Am. & Eng. Ency. of Law 34. On the other hand, it has been held that, where the way is acquired by prescription and is used as a lane free from gates during the period necessary for perfecting the title, none can be erected afterward. Fankboner v. Corder, 127 Ind. 164, 26 N. E. 766; Shivers v. Shivers, 32 N. J. Eq. 578. The passway in question was established in 1843. It has been used since that time as far as the witnesses can remember. Until recent years there was a fence on both sides of it, and no gate except where the passway began at Miller's line. If the right to a passway may be acquired by prescription, we can see no reason why a passway free from gates may not be acquired in like manner; and where the passway is fenced off as a lane, and is used as such for thirty or forty years, it must be presumed after such a great length of time, when the parties are all dead, that the persons using the passway were the owners of a right of way, as they held it and used it. On the facts shown, the court should have required the defendant to remove the gate at the pike from the passway, and to take the poles out of the branch. He should also adjudge the plaintiff $50.00 as reasonable compensation for the obstruction of her way."

If the appellants had only attempted to erect gates at the termini of the passway (i. e., where it enters and leaves their land), we might have here had a different question to deal with. But the points selected for erecting them are elsewhere than the termini and at places where they would materially interfere with appellee's proper enjoyment of the passway. In Evans v. Cook, 33 R. 788, another case cited with approval in Raisor v.

Lyons, *supra,* it was held that the appellant was properly convicted under an indictment for obstructing a passway, established as such by fifteen years' adverse user, by erecting gates across same at points other than where it entered and left his premises. Testing its facts by the rule announced by the authorities, *supra,* the instant case does not seem to be one authorizing the erection of the gates contemplated to be maintained across the passway by appellants. According to the evidence the passway was established by John Davis when he deeded to his son Tom the land now owned by appellee without mention of the erection of gates thereon or reservation of the right to do so. In fact the passway was then and for more than fifteen years thereafter inclosed as a lane as far as the land was cleared and yet remains largely so inclosed. It is true that more than fifteen years after it was opened, for a year or so a gate was maintained at one place across the passway by J. Webber Davis while he owned appellants' land, but he obtained the consent of the then owner of appellee's land to erect it and soon removed it.

When appellants purchased their land, the passway ran through it unobstructed by gates; and when appellee purchased his land, it was with knowledge of the existence of the passway through appellants' land and with the right to enjoy its use as then conditioned. It is our conclusion that appellants have no right to obstruct the passway with gates as done and threatened. Wherefore the judgment is affirmed.