## Whitaker v. Yates.

(Decided October 19, 1923.)

### Appeal from Floyd Circuit Court.

1. Easements—Right of Servient Estate to Maintain Gates.—A right to a passway, acquired by prescription, generally entitles the owner of the easement to have it maintained without gates or other obstruction, but if, during the time of the acquisition of the right by the adverse user, the passway traversed woodland or was not fenced on both sides, then the owner of the servient estate has the right to erect gates across it at its termini, so as not to unreasonably obstruct its use, when it becomes necessary for the reasonable use of some portion of his land.

2. Easements—Express Grant as Affecting Right to Erect Gates.— The mere granting of an easement for a passway without express or implied qualification does not necessarily imply that the grantor (the owner of the servient estate) surrenders the right to reasonably obstruct it by the erection of gates across it, especially at its termini, when it becomes necessary to the reasonable use of his adjoining land.

B. M. JAMES and A. B. COMBS for appellant.

W. W. WILLIAMS and B. F. COMBS for appellee.

Opinion of the Court by Judge Thomas—Affirming.

This equity action involves the right of appellant and plaintiff below, Reuben Whitaker, to an unobstructed easement for a private passway over the land of appellee and defendant below, Samuel Yates, in Floyd county, and running from his land and residence thereon to a public road on the bank of Middle creek across defendant's land along Cane branch to where it intersects the public road. Near the point of intersection defendant erected a gate across the passway, and this action was filed by plaintiff to compel him to remove it and to prevent him from erecting similar future obstructions.

The right to the passway free from obstructions is claimed (a), by prescription, and (b), under an express grant contained in the deed executed by defendant to plaintiff on November 4, 1904, conveying to the latter his tract of land. The answer denied the prescriptive right, and denied that the grant of the passway surrendered the defendant's right as the owner of the servient estate to erect gates across it, especially at its termini, so as not to unreasonably interfere or obstruct plaintiff's use of it. Appropriate pleadings made the issues and after the proof was taken the cause was submitted and the court dismissed the petition, and from that judgment plaintiff appeals.

At the time of the execution of the deed the defendant owned a large tract of land on Middle Fork creek in Floyd county. Cane branch ran through it and emptied into the creek and the land conveyed was about seventy-five (75) acres near the head of that branch. Prior to and at that time but few people lived in the immediate neighborhood of the conveyed land, and most of them were tenants on defendant's tract. A public road bordered defendant's farm, which at that place paralleled and ran near to Middle creek and the persons living on the head of Cane branch had access to the road over an old path called by some of the witnesses a "bridle path," along the bank of Cane branch across defendant's farm which entered the public road at the rear of defendant's garden near his residence and store house. For a long while there had been a fence on the upper side of the pathway from Cane branch, but on the other side it was unenclosed woodland.

The language of the grant in the deed is: "The parties of the first part (defendant and wife) also grant to the said party of the second part (plaintiff) a good wagon road down the branch where the road is now located to the main state road." After taking possession of his land plaintiff did some work to the passway so as to enable him to travel it with vehicles, and it was used by him in that condition as a means of ingress and egress to his farm for some twelve years or more, when defendant saw proper to enclose a portion of his land on the Cane branch side of the passway and he erected a gate at or near the point where the passway entered the public road. Plaintiff was displeased with the location of the gate and made some complaint to the Masonic lodge, of which he and defendant were members, and that complaint resulted in defendant moving the gate some thirty (30) feet up the passway and away from the point of entry into the public road. That location was less objectionable to plaintiff but he was still displeased and contended that defendant had no right to erect a gate or gates across the passway at any point and this equity action followed.

At the outset it may be stated that we do not think the evidence sufficient to sustain the prescriptive right relied on to the passway, but if it were otherwise plaintiff, under the law, is not entitled to require its unobstructive maintenance or to compel defendant to remove the gate in question. The applicable law, as adjudged by this and other courts, is that where the right to the easement is acquired by prescription the owner of the dominant estate, and who becomes entitled to the easement, acquires the right as against the owner of the servient estate to have it maintained in the same condition it was while it was being acquired by the adverse user, provided, however, that during that time the passway was fenced on both sides and was used as a lane without gates or other obstructions at the termini or elsewhere. A right so acquired entitles the owner of the easement to have it maintained without gates or other obstructions; but, if during the time of the acquisition of the right by the adverse user the passway traversed woodland or was not fenced on both sides, then the owner of the servient estate has the right to erect gates across it at its termini, so as not to unreasonably obstruct its use, when it becomes necessary for the reasonable use of some portion

of his land. Miller v. Miller, 182 K. 797; Hunt v. Sutton, 188 Ky. 361; Bridwell v. Beerman, 190 Ky. 227; Miller v. Pettit, 127 Ky. 419, 32 Ky. L. R. 337, and other cases therein referred to. If, therefore, we should concede that the evidence was sufficient to establish the prescriptive right, then, under the doctrine of the cited cases, plaintiff is not entitled to the remedy he seeks, since the passway did not traverse an unobstructed lane during the time of its acquisition, but was, to say the least of it, unfenced on one side during all that time; and for that reason we can not sustain contention (a).

Briefly directing our attention to contention (b), we find the law to be that the mere granting of an easement for a passway without express or implied qualifications does not necessarily imply that the grantor (the owner of the servient estate) surrenders the right to reasonably obstruct it by the erection of gates across it, especially at its termini, when it becomes necessary to the reasonable use of his adjoining lands. If the right to maintain such obstructions is expressly surrendered in the grant, or if the manner in which the way has been used and occupied in connection with the purposes, nature and situation of the property, be such as to raise the implication that the right was so surrendered, then no gates across the way may be maintained. But, in the absence of such express or implied restrictions the grantor has the right to maintain them; provided, always, that they are so constructed and maintained as not to unreasonably interfere with the grantee's use of the passway, the rule being founded upon the theory that no fee in the land is conveyed but only the right to use it as a passway in traveling over it. Sustaining that statement is the text in 19 C. J. 986, which says: "The grant of a way without any reservation of a right to maintain gates does not necessarily imply that the owner of the land may not do so, unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances of the case that such was the intention of the parties, and the owner of the servient estate may erect gates, or even bars across the way, provided they are so located and constructed as not unreasonably to interfere with the right of passage, and provided also they are necessary for the preservation and proper and efficient use of the lands constituting the servient estate, but not otherwise." Kentucky cases supporting the general doctrine

of the text are: Maxwell v. McAtee, 9 B. M. 20, 48 Am. Dec. 409; Bland v. Smith, 23 Ky. L. R. 1802; Miller v. Pettit, *supra;* Raisor v. Lyons, 172 Ky. 315, and Ford v. Rice, 195 Ky. 185.

There are no express words in the grant of the passway in this case surrendering the right of the defendant to maintain the obstruction complained of; nor are there any proven facts or circumstances from which any such surrender may be implied, and we are forced to the conclusion that the defendant had the right to erect and maintain the gate across the passway at the place complained of, and the court having so held the judgment is affirmed.