## McCauley v. Owens.

(Decided June 5, 1928.)

### Appeal from Harrison Circuit Court.

Appeal and Error.—In suit to enjoin interference with erection of additional gate across roadway granted as right of way over land, finding of trial court, based on conflicting evidence, that additional gate would be an unreasonable obstruction even if gate constructed could be opened without alighting from vehicle, held conclusive on appeal.

WADE H. LAIL for appellant.

HANSON PETERSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a division of the Phillips farm, 53.26 acres of land facing the Silvendell and Venus turnpike road was allotted R. L. Phillips and 99 acres adjoining the back of the above tract was allotted to W. W. Phillips. The latter tract does not lie on a highway, and in the partition deed W. W. Phillips was granted a passway from his farm to the pike over the intervening lands of R. L. Phillips thus described:

"A gated passway twenty feet in width from the old Howard home (now his place of residence) to the Silvendell turnpike road, at or near the S. C. Reese corner, said passway to be located as it now is on the old traveled way which is well marked and the said Walker W. Phillips and those claiming under him shall erect, keep in repair and keep securely fastened such gates as may be needed to the use and enjoyment of said passway."

The W. W. Phillips tract is now owned by L. M. Owens and the R. L. Phillips tract by S. D. McCauley, the same provision as to the passway being contained in each of their deeds. The passway over the lands of S. D. McCauley is about 1,370 feet in length and runs near the edge of a 10-acre field and has always had gates at the termini. McCauley divided this field in the center, making two separate tracts of 4 and 6 acres respectively, and erected a gate where the division fence intersected the passway. Owens cut down the gate post

and McCauley sought a mandatory injunction to require Owens to replace the gate and maintain it. Much proof was taken on the issues, and on final submission the court dismissed the petition and entered judgment for defendant. Plaintiff appeals.

The proof for McCauley is to the effect that one end of the 10-acre field is suitable for cultivation and the other end for pasturage only; that, considering the size of his farm, it is to his financial interest to separate the fields in this way, especially in view of the fact that he has a pool of water near the end of the 10-acre field, but in an adjoining field; that this could easily be reached by his stock if the land was thus fenced, but it cannot be reached under the present arrangement. His evidence is further to the effect that by maintaining a patent gate, persons using Owens' passway would not have to alight from their vehicles in passing through the gates, and this would cause them very little inconvenience.

Defendant insists that, while the deed calls for a "gated passway," that it is to be construed in the light of the conditions existing at the time it was executed; that there were two gates at that time, and that the parties evidently intended for the conditions then existing to continue. He also insists that even if the deed is to be construed as authorizing additional gates to be constructed when necessary for the use of the servient estate, this does not authorize an unreasonable obstruction to the passway. And his witnesses testify that patent gates as described are impracticable and nearly always out of repair; that an additional gate would require a person passing in a vehicle to alight, open the gate, get in the vehicle again, and, after driving through, get out a second time to close it, and as the passway is used daily by the Owens family, an additional gate would create an unreasonable obstruction, and damage that farm at least to the extent of $500, a sum out of all proportion to the consequential benefits that plaintiff would derive from dividing the field.

Plaintiff insists that inasmuch as the passway is a mere easement the deed should be so construed as to give the owner of the servient estate the right to manage, control, and use his lands in his own interest provided he does so in a way not to unreasonably obstruct the use of the passway; that the additional gateway is not an obstruction and therefore the court should have sustained his plea. Whitaker v. Yates, 200 Ky. 530, 255 S. W. 102.

It is unnecessary to construe the deed, as the lower court in a written opinion has found under the evidence that an additional gate would create an *unreasonable* obstruction to the passway even if plaintiff's construction should be adopted, and as the evidence on this point is conflicting, we are not disposed to overrule his finding.

Wherefore, perceiving no error, the judgment is affirmed.