## Kinkade et al. v. Lyons et al.

(Decided May 9, 1930.)

WILLIAMS & HANDLEY for appellants.

D. M. COOPER and FAUREST & FAUREST for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit against the appellants to establish his right to an open and unobstructed passway from his farm over their lands to the Black Branch road. The claimed passway runs in a northerly direction from appellee's farm over the land of the appellants Kinkade and along the division line of the farms of these appellants and the appellant Hicks for a length of 1,082.4 feet. For this length, it is 20 feet wide. It then makes a right angle turn and runs eastwardly 1,947 feet to the Black Branch road. This arm of the passway is also 20 feet wide but 10 feet of it is on the land of the appellants Kinkade and the other 10 feet on the land of the appellant Hicks. At present, there is a fence running the entire distance from the Black Branch road to the right angle turn and located on a line that divides the 10 feet of the passway on the Kinkade land from the 10 feet on the Hicks land. No authority for the maintenance of

this fence can be found in the record. It was there when the Cecil lands were divided, as we shall presently mention, and the 10-foot passway over the Hicks land, which the Cecils theretofore used, was widened to 20 feet by the additional 10 feet on the Cecil, now Kinkade, land. The fence was never removed. Heretofore, the travelled portion of this part of the passway has been on the 10 feet on the Hicks land. One or more gates are at present across this traveled portion of the passway. Appellee grounds his right to a passway from his farm to the Black Branch road over the Kinkade land on a reservation in a deed, one of a number by which the land of Professor Cecil, who at one time owned all the land now comprised in the farms of the appellee and Kinkade, was divided. Appellee is correct in his contention. Indeed, Mr. Kinkade who acted for his wife in this matter admits in his deposition that the appellee has a right to a passway, and only disputes his right to a passway unobstructed by gates.

So far as the claimed passway lies 10 feet on the land of Hicks is concerned, although there is some contrariety in the evidence, it on the whole satisfactorily supports the finding of the chancellor that the appellee had the right to such a passway by prescription. The real storm center of this case is whether or not the appellee is entitled to an unobstructed passway, over the Kinkade and Hicks land. That the fence will have to be moved in order that the passway from the Black Branch road to the right angle turn may be 20 feet in width instead of practically two passways of only 10 feet in width cannot be denied and is scarcely contested. But may the Kinkades and Hicks maintain gates across this 20-foot passway? That there were gates on the 10 feet of the Hicks land from time to time cannot be disputed, but just who put them there, whether the owner of the dominant tenement or the owner of the servient tenement, is much in doubt. There was evidence to sustain the chancellor that the passway over the 10 feet on Hicks' land was established and acquired as an open passway, and, having been so established and acquired appellee is entitled to have it kept unobstructed. In Whitaker v. Yates, 200 Ky. 530, 255 S. W. 102, 103, we said:

"The applicable law, as adjudged by this and other courts, is that, where the right to the easement

is acquired by prescription, the owner of the dominant estate, and who becomes entitled to the easement, acquires the right as against the owner of the servient estate to have it maintained in the same condition it was while it was being acquired by the adverse user, provided, however, that during that time the passway was fenced on both sides and was used as a lane without gates or other obstructions at the termini or elsewhere. A right so acquired entitles the owner of the easement to have it maintained without gates or other obstructions; but, if, during the time of the acquisition of the right by the adverse user, the passway traversed woodland or was not fenced on both sides, then the owner of the servient estate has the right to erect gates across it at its termini, so as not to unreasonably obstruct its use, when it becomes necessary for the reasonable use of some portion of his land.''

Coming to that part of the passway as lies on the Kinkade land, we find in the deed creating the passway that nothing is said about whether it may be obstructed with gates or not. In the case of Hunt v. Sutton, 188 Ky. 361, 222 S. W. 84, 85, we said: ''While the grant of a right of way, whether made by deed or arising by prescription from adverse user for the statutory period, does not necessarily imply that the owner of the land may not maintain gates thereon, in the absence of express reservation of such right, whether he should be permitted to exercise it must depend upon the intention of the parties as shown by the circumstances of the case, the nature and situation of the property subject to the easement, and the manner in which it has been used and occupied. An elaborate discussion of this doctrine, together with a review of the numerous authorities bearing thereon, may be found in the opinion in Raisor v. Lyons, 172 Ky. 314, 189 S. W. 234.''

And in Reed v. Flynn, 205 Ky. 783, 266 S. W. 644, 646, we said:

''The rule in this state is that where the contract is silent as to gates and the contrary is not shown by the circumstances or conditions of the parties the owner of the land may erect gates at the point where the passway enters and leaves his land. Miller v. Miller, 182 Ky. 797, 207 S. W. 450.

229

"The rule is also, where the contract is silent as to gates, that the right of the owner of the land to erect gates across the passway at any other place than at its termini will not be upheld where the consideration for the grant, the object for which it was made, the situation and condition at the time of the land, and the manner in which it had been used and occupied as a passway, demonstrate that it was not the intention of the parties that the owner of the servient estate should erect gates across it at other places. Raisor v. Lyons, 172 Ky. 314, 189 S. W. 234."

Applying these principles to the case before us, we find that it was the intention of those who divided the land of Professor Cecil to add 10 feet to the passway that then existed over the Hicks land, and then to extend this passway around a right angle turn to that part of Professor Cecil's land that later came into the ownership of the appellee, and which they were cutting off from that part of the Cecil land which the Kinkades now own. We have seen that the passway over the Hicks land was an unobstructed passway, and, by adding 10 feet to that passway, the parties undoubtedly intended the whole passway to be of the same character as that which they were widening by this additional 10 feet. It therefore follows that the parties intended the whole passway to be an unobstructed one, and therefore appellee is entitled to have it so maintained.

The chancellor's finding being in conformity with our conclusions, it is affirmed.