DYER, Respondent, vs. WALKER, Appellant.

*April 12 — May 3, 1898.*

*Easement by prescription: Gate across right of way: Trespass.*

1. The owner of a right of way across the land of another, whether it was acquired by grant or by prescription, is entitled only to a reasonable and usual enjoyment thereof, in view of all the circumstances of the case and of the use then and theretofore made of the premises affected by it, and the owner of the soil is entitled to all the rights and benefits of ownership consistent with the easement.

2. The owner of land which is subject to a right of way may maintain a gate across such way, if it is necessary to his use and enjoyment of his land and does not unreasonably interfere with the use of the way.

3. Where a gate erected across a right of way by the owner of the land burdened with the easement does not unreasonably interfere with the use of the way, the removal of such gate by the owner of the easement is a trespass.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This was an action of trespass, tried by the court; and it was found that the plaintiff was the owner in fee simple and in possession of forty acres of land, to wit, the S. E. ¼ of the S. E. ¼ of section 10, township 5, range 3, in Grant county, which was improved farming land, inclosed by substantial fences, a public highway crossing said tract in an easterly and westerly direction near its south line. The de-

Dyer vs. Walker.

fendant owned and occupied as his homestead farming lands which bounded said tract of land on the north, and the defendant had a private right of way one rod in width across said tract, commencing at a point about five chains westerly from the southeast corner thereof, and extending thence in a northerly direction across said tract to the north line thereof, which is the south boundary of the lands owned by the defendant, which right of way was acquired by prescription, and the existence of which had been adjudged and confirmed by the judgment of the circuit court for Grant county, in an action between these parties rendered at its October term, 1894.

Prior to 1894, a part of that part of said forty-acre tract of land lying to the west of said private right of way was improved farming land, inclosed by fences, and the remainder thereof was uninclosed, and lay out to commons. The plaintiff inclosed the whole forty-acre tract with fences, and commenced to clear and improve that part of the tract which had theretofore been common. At each end of the defendant's private right of way, there is a gate where it crosses the north and south boundaries of said tract, and that part of said tract of land which lies north of the said public highway is partly pasture land, and partly land that is suitable for plow land. In the spring of 1896 the plaintiff plowed and planted to corn and other cultivated crops a piece of land in the southeast corner of said tract, containing about four acres, to wit, all the cleared land in said southeast corner thereof; and more of the said southeast portion of said land would be planted to corn and other crops as soon as the timber should be cleared therefrom; and the north part of said tract, on account of the character of its surface and its proximity to other pasture lands of the said plaintiff, was suitable only for the pasturing of live-stock. In order that the plaintiff might have the use of the north

part of said forty-acre tract of land (about twenty-five acres) for pasturage, and the south part for the growing of cultivated crops, it was necessary that the said plaintiff should separate said pasture land from the cultivated lands by means of a substantial fence which would have to be built across the said private way of the defendant.

It was further found that such use of said forty-acre tract of land was reasonable, and that a fence built across said private way of the defendant with a good and serviceable gate well hung, so as to leave a passageway of about twelve feet in width, was not an unreasonable obstruction of said defendant's right of way across said plaintiff's tract of land; that on or about July 11, 1896, the plaintiff, in order to protect his crops then growing in the southeast portion of said tract, and in order that he might use for pasturage the northern part of said tract, built a fence in an easterly and westerly direction across the said tract of land, and across said defendant's private right of way; that in said fence, and where the same crossed the defendant's right of way, he hung a gate for the use of said defendant, so as to leave a passageway twelve feet wide; that the building of said fence was necessary to the convenient and profitable use by the said plaintiff of his said forty-acre tract of land; that said fence and gate across said defendant's right of way were reasonable as to their position and construction; that in August, 1896, the defendant took down said gate, and removed the gate posts, and, in so doing, damaged said fence in the sum of one dollar; that, on account of the taking down of said gate, the plaintiff suffered damages by the loss of the use of said pasture land in the northern part of said tract in the sum of $49; and that the erection of such gate over and across said defendant's private right of way only slightly inconvenienced the defendant in his use thereof; and that to deny the plaintiff the right to maintain said

.fence with the gate where it crossed said defendant's right
of way would deprive the plaintiff of the use of a consider-
able portion of his said forty-acre tract of land.

The court found, as conclusions of law, that the plaintiff
should recover against the defendant the sum of $50 as
damages which he had suffered from the removal of said
plaintiff's gate and the posts on which it was hung, together
with the costs and disbursements of the action.   Judgment
was entered accordingly, from which the defendant appealed.

For the appellant there was a brief by *Clark & Taylor*,
and oral argument by *S. H. Taylor*.   To the point that the
plaintiff had a right to place gates only at the *termini* of the
way, they cited *Joyce v. Conlin*, 72 Wis. 607; *Johnson v.
Borson*, 77 id. 593; *Shivers v. Shivers*, 32 N. J. Eq. 578;
Goddard, Easements, 331; *Ward v. Warren*, 82 N. Y. 265;
*Richardson v. Pond*, 15 Gray, 387; Wood, Nuisances (1st
ed.), §§ 164–168; *Frankboner v. Corder*, 127 Ind. 164.

For the respondent there was a brief by *Lowry & Clem-
entson*, and oral argument by *E. M. Lowry*.

PINNEY, J.   The finding of the court is abundantly sus-
tained by the evidence, and we think the pleadings and facts
found clearly sustain the judgment.   The defendant had an
easement over the tract of land of the plaintiff, but his rights
are confined to a reasonable use of the way which he had ac-
quired by prescription, in view of all the circumstances of the
case and the use then and theretofore made of the premises
affected by it.   It is expressly found that the building of the
fence in question was necessary to the convenient and profit-
able use by the plaintiff of his said forty-acre tract of land,
and that said fence and gate across the defendant's private
right of way were reasonable as to their position and con-
struction, and that the erection of the gate over the same
only slightly inconvenienced the defendant in his use of said
right of way, while to deny plaintiff the right to maintain

a fence with a gate where it crossed said right of way would deprive him of the use of a considerable portion of this forty-acre tract of land. In *Wille v. Bartz*, 88 Wis. 424, it was held, in accordance with previous cases there cited, that the owner of land subject to a right of way may maintain a gate across the way if such gate is necessary to the reasonable use and enjoyment of his land, and does not unreasonably interfere with the use of the way. *Whaley v. Jarrett*, 69 Wis. 613. And in *Sizer v. Quinlan*, 82 Wis. 390, 392, it was held that the owner of an easement may not fence in the way, and thereby exclude the owner of the fee from such uses as he may make of his land not inconsistent with the easement. The plaintiff, the owner of the soil of a way, whether public or private, may make any and all uses of it to which the land can be applied, and take all profits which can be derived from it, consistently with the enjoyment of the easement. All rights which are consistent with the reasonable exercise of the easement remain with the grantor. Whether acquired by grant or by prescription, from which a grant may be implied, it was only an easement that was acquired by the defendant; and he is entitled only to a reasonable and usual enjoyment thereof. Subject to that, the right of dominion and use is in the plaintiff, to the exclusion of all others. As owner of the soil, he had all the rights and benefits of ownership consistent with the easement. *Brill v. Brill*, 108 N. Y. 511, 516; *Johnson v. Borson*, 77 Wis. 593.

The defendant, under the facts stated, was the owner of the dominant estate, for the benefit of which the easement existed; and the plaintiff's was the servient estate, burdened with the easement in question. It is said in Goddard, Easem. (Bennett's ed.), 332, 338: "The only obligation upon the servient owner is that he shall not unreasonably contract the width of the road, or render the exercise of the right of passing substantially less easy than it was at the time of the

grant. And even where a right of way was granted over certain roads marked on a plan, and one was described there as forty feet wide, it was held that the grantee was entitled to only a reasonable enjoyment of a right of way, and that such reasonable enjoyment was not interfered with by the erection of a portico which extended a short distance into the road, so as to reduce it at that point to somewhat less than forty feet." It would seem that, whether created by grant or acquired by prescription, in point of width the way need be only such as is reasonably necessary and convenient for the purpose for which it was used or granted. *Atkins v. Bordman,* 20 Pick. 291.

The judgment of the circuit court is clearly in conformity with the principles recognized and laid down in the authorities cited, and must therefore be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.