LUSTER *v.* GARNER *et al.*

(*Knoxville.*  September Term, 1913.)

EASEMENTS.    Extent of right.    Obstruction.    Gates.

The owner of a servient estate can establish and maintain suita-
ble gates at the termini of an easement of way acquired by an
adjoining owner of farming lands by prescription; the prescrip-
tive period maturing while the lands were uninclosed wood-
land, during which no gates or bars were maintained.  (*Post,*
*pp.* 162, 163.)

Cases cited and disapproved:  Fankboner v. Corder, 127 Ind.,
164; Shivers v. Shivers, 32 N. J. Eq., 578; Rogerson v. Shep-
herd, 33 W. Va., 307.

Cases cited and approved:  Ames v. Shaw, 82 Me., 379; Hartman
v. Fick, 167 Pa., 18; Dyer v. Walker, 99 Wis., 404.

---

FROM HAWKINS.

---

Appeal from Chancery Court, Hawkins County.—
HUGH G. KYLE, Chancellor.

J. O. PHILLIPS, for complainant.

A. T. BOWEN, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

A single question of law is presented for determina-
tion in this cause:  May the owner of a servient estate,
now inclosed as agricultural lands, but formerly open
woodland, establish and maintain suitable gates at

the termini of an easement of way acquired by an adjoining owner of farming lands by prescription; the prescriptive period maturing while the lands were uninclosed woodland, during which no gates or bars were maintained?

The authorities are at variance as to the rights of the servient owner to erect gates at the ends of a way acquired by prescription; some of the authorities holding that, where gates had not been maintained during the prescriptive period, they cannot be erected against the wish of the owner of the dominant estate, since the extent of the right is held to be commensurate with and determined by the use. *Fankboner* v. *Corder*, 127 Ind., 164, 26 N. E., 766; *Shivers* v. *Shivers*, 32 N. J. Eq., 578 (affirmed 35 N. J. Eq., 566); *Rogerson* v. *Shepherd*, 33 W. Va., 307, 10 S. E., 632.

Courts of other jurisdictions, however, hold that it is the nature of the easement acquired that should determine, and that gates may be constructed at the termini of a prescriptive passway, if they be not an unreasonable interference with the use of the way. *Ames* v. *Shaw*, 82 Me., 379, 19 Atl., 856; *Hartman* v. *Fick*, 167 Pa., 18, 31 Atl., 342, 46 Am. St. 'Rep., 658; *Dyer* v. *Walker*, 99 Wis., 404, 75 N. W., 79.

That learned annotator, Abraham C. Freeman, in a monographic note to *Dudgeon* v. *Bronson*, 95 Am. St. Rep., 321, said that, while the rule declared by the latter line of cases may be the better one, it yet seems to be opposed to the weight of authority; he,

128 Tenn. 11

however, citing only the Maine case of *Ames* v. *Shaw* in support of what is thus indicated to be the better rule.

When the other cases cited above are taken into reckoning, it may be doubted whether the weight of authority be as thus signified.

. In *Hartman* v. *Fick,* supra, the right of way involved was one acquired by prescription, and, as here, over inclosed woodland, and the right to devote the land to agriculture by erection of gates was sustained; the court saying: "No question is left undisposed of, except that of the legal right of the owner of land to protect his fields by such gate or other structure as should not unreasonably interfere with the use of the way. The easement was only for passage. The land remained the property of the plaintiff, and he had a right to use it for any purpose that did not interfere with the easement. To do this it might be necessary, under some circumstances, to inclose the way with the field over which it passes, and, if this is done with a reasonable regard to the convenience of the owner of the easement, it affords him no just ground of complaint. The tendency of our legislation is in this direction, and such is also the fair effect of *Connery* v. *Brooke,* 73 Pa., 80."

The latest case appears to be *Dyer* v. *Walker,* supra (1898), which has similar relation on its facts and like result as to principle announced.

We are persuaded that, not only on precedent and principle, but also on the ground of sound policy, the

right of the owner of the fee to erect and maintain such gates should be declared. A very considerable portion of the lands in this State are in mountains or foothills, frequently making it convenient, almost to the point of necessity, for a landowner to have ingress and egress over the lands of a lower owner through such defiles or "hollows" as appear in the facts of this case. To hold against the right to erect gates would have a twofold effect—of rendering more difficult the acquirement of such a way by adverse user, and of discouraging the improvement of land, a change from woodland, that may be nonproductive of profit, into cultivated fields.

The court of civil appeals followed the line of cases contra, and its decree is therefore reversed and a decree entered here in accord with the above ruling.