JAMES FLETCHER and                    )
RONALD LANIER FLETCHER,               )
                                      )
        Plaintiffs/Appellees,         )
                                      )        Appeal No.
                                      )        01-A-01-9606-CH-00252
VS.                                   )
                                      )        Coffee Chancery
                                      )        No. 95-17
KENNETH STERLIN VASSER,               )
                                      )
        Defendant/Appellant.          )

FILED

February 5, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF COFFEE COUNTY
AT MANCHESTER, TENNESSEE

THE HONORABLE GERALD L. EWELL, SR., JUDGE

JOHN B. INGLESON
3017 Poston Avenue
Nashville, Tennessee 37203
        Attorney for Plaintiffs/Appellees

J. STANLEY ROGERS
ROGERS, RICHARDSON & DUNCAN
100 North Spring Street
Manchester, Tennessee 37355
        Attorney for Defendant/Appellant

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

The holder of an easement across his neighbor's property sought to replace two gates with cattle guards. The Chancery Court of Coffee County denied the request. We affirm.

## I.

The contending parties are first cousins. Mr. Vasser owns a 112 acre tract of land lying east of the farms of James Fletcher and Ronald Lanier Fletcher in the Beech Grove area of Coffee County. Mr. Vasser gains access to his property by way of a twelve foot easement across the two tracts owned by the plaintiffs. The easement was established in a 1959 deed.

There are two gates across the easement. One is located at a point near the public road at the boundary between the lands of James and Ronald Lanier Fletcher, and the other is located at the approximate mid point of the easement where James Fletcher has a cross fence on his property. Apparently the gates have been in existence for as long as the easement has.

Mr. Vasser bought his property from the other members of his family approximately two years before the trial below. He raises cattle and hay on the property and is restoring his parents' old home. Although he works in Murfreesboro, he uses the easement frequently, from one time to several times a day.

The Fletchers sued Mr. Vasser to require him to close the gates when he uses the easement. He counter-claimed for the right to replace the gates with cattle guards so that he would not have to open and shut the gates each time he goes

in or out over the easement. The Chancery Court of Coffee County denied the relief sought by Mr. Vasser.

II.

We start with the general proposition that gates may be installed across an easement in the absence of a provision to the contrary. *Luster v. Garner*, 128 Tenn. 160, 159 S.W. 604 (1913); *Long v. Garrison,* 1 Tenn. App. 211 (1925). In *Mize v. Ownby*, 189 Tenn. 207, 225 S.W.2d 33 (1949) our Supreme Court affirmed a lower court's decision allowing the owner of an easement to replace the gates with cattle guards. The question, then, is under what circumstances may the owner of the easement insist on installing cattle guards instead of gates.

In *Mize* the Supreme Court recognized the right where the owner of the easement agreed to install the guards at his own expense and to pay for any injuries to the cattle held behind the fence. He also agreed that if the guards did not work he would take them up and restore the gates.

While Mr. Vasser did agree to install the cattle guards at his own expense, we fail to find in the record any agreement on his part to pay for any cattle that may be injured trying to cross the guards or to restore the gates if the guards did not work.

There is also an element of uncertainty about whether cattle guards would work under the circumstances present in this case. The field that would be enclosed by the cattle guards is used by James Fletcher to hold young calves that he is weaning from their mothers. In his opinion at least, the cattle guards would not deter the calves or other cattle from trying to cross. He testified that he knew of instances where cattle had broken their legs trying to cross cattle guards. The only

- 3 -

contrary evidence came from Mr. Vasser who said without objection that the manufacturer of the guards told him that they had not had any trouble with them. We think it would be impossible to conclude from this record that the use of the cattle guards would be appropriate.

Therefore, the decision of the court below is affirmed and the cause is remanded to the Chancery Court of Coffee County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

JAMES FLETCHER and )
RONALD LANIER FLETCHER, )
) Appeal No.
Plaintiffs/Appellees, ) 01-A-01-9606-CH-00252
)
) Coffee Chancery
VS. ) No. 95-17
)
) Affirmed
KENNETH STERLIN VASSER, ) and
) Remanded
Defendant/Appellant. )

## **J U D G M E N T**

This cause came on to be heard upon the record on appeal from the Chancery Court of Coffee County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree be affirmed. The cause is remanded to the Chancery Court of Coffee County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Kenneth Sterlin Vasser, Principal, and Rogers, Richardson, and Duncan, Surety, for which execution may issue if necessary.

ENTER _____.


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE