JOSEPH ANTHONY GANNON and )
GLORIA C. GANNON, )
) Montgomery Chancery
Plaintiffs/Appellees, ) No. 92-70-428
)
VS. )
)
ROBERT KOCH and DEBORAH ) Appeal No.
KOCH, ) 01A01-9708-CH-00404
)
Defendants/Appellants. )

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

April 3, 1998

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

HONORABLE ALEX W. DARNELL, CHANCELLOR

Brad W. Hornsby
BULLOCK, FLY & MCFARLAND
301 N. Spring Street
P.O. Box 398
Murfreesboro, TN 37133-0398
ATTORNEY FOR PLAINTIFFS/APPELLEES


Robert A. Maness
MARKS, SHELL, MANESS & MARKS
114 S. 2nd Street
P.O. Box 1149
Clarksville, TN 37041-1149
ATTORNEYS FOR DEFENDANTS/APPELLANTS

VACATED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| JOSEPH ANTHONY GANNON and GLORIA C. GANNON, | ) ) |
| | ) |
| Plaintiffs/Appellees, | ) |
| | ) |
| VS. | ) |
| | ) |
| ROBERT KOCH and DEBORAH KOCH, | ) ) |
| | ) |
| Defendants/Appellants. | ) |

**Montgomery Chancery
No. 92-70-428**

**Appeal No.
01A01-9708-CH-00404**

# O P I N I O N

The defendants, Robert and Deborah Koch, have appealed from a non jury judgment that plaintiffs, Joseph and Gloria Gannon, have a private easement from their land across the land of defendants for access to the public way.

The background of the controversy and its disposition by the Trial Judge are not simple.

On March 8, 1985, C. E. and Lucille Hassell conveyed to Frederick L. and Debra Glazier, four tracts. The first tract was described by metes and bounds which do not include a road of any sort and which state that the tract contains 51-1/2 acres and that it is part of an original tract of 150 acres. The second tract is described as fronting on "a private road leading from the Clarksville and Palmyra Road to T. J. Charmell's residence," and containing ½ acre. The third tract is described as fronting on "the Clarksville Road" and containing 4 acres. The fourth tract is described by names of adjoining owners and containing 41 acres.

The Glaziers employed Joseph Gannon to survey their property and design a subdivision of it; and he did so, plotting a street called Debra Drive. A plot of said proposed subdivision is exhibited to this record. It consists of 26 lots of less than 2 acres each. Lots 1-9, inclusive, front on the south side of Debra Drive, and lots 10-26, inclusive, front on the north side of Debra Drive which extends from Tennessee Highway 149 westward to its termination between lots 9 and 10 which are the westernmost lots in the subdivision. Beside the words, Debra Drive,

-2-

appears the notation, (50 ROW). However, the width of Debra Drive between lots 9 and 10 is designated as 25 feet. Also, lot 26 on the north side of Debra Drive extends all the way to Highway 149, but lot 1 on the south side of Debra Drive does not. The intersection of a future road and Jackson property (width 499.20 feet) intervene between lot 1 and the highway. Thus, the subdivision adjoins the highway on the north side of Debra Drive, but not on the south side. On the Jackson property is a notation, "This portion of land dedicated to ROW" with pointer to the south edge of Debra Drive.

The subdivision was never approved by planning authorities or recorded in the office of the county register. The Glaziers agreed to convey lot 9 of this subdivision to John and Gloria Gannon in payment of his surveyor's fee.

Lot 9 was described as beginning at an iron pin "in the south right of way of Debra Drive, this pin being 2,627.90 feet west of the west right of way of Tennessee Highway 149 --- and being Tract 9 of an unrecorded plot of Hassell Heights Estates according to a survey of Joseph A. Gannon dated July 8, 1985, Tennessee license number 616."

On May 28, 1987, C. E. and Lucille Hassell executed a foreclosure deed to themselves pursuant to default in payment of purchase money by the Glaziers. Excepted from said deed were properties previously conveyed by the Glaziers to Ivie Parchman, et. ex., State of Tennessee, R. W. Suiter, et. ux., the Gannons and Charles Warren, Jr., et. ux.

On January 11, 1989, the Hassells conveyed to Robert and Debra Koch the same four tracts that they sold to the Glaziers in 1985, and recovered by foreclosure in 1987. Excluded from this deed were the following:

1.	A tract of approximately two acres reserved by Ivie Parchman in her deed to C.E. Hassell.

2. A tract conveyed to the State of Tennessee described by mates and bounds containing dimensions of 1,715 feet, 603.62 feet, 1,058 feet and 42 feet and containing 4.379 acres.

3. A tract excluded in the deed from the Hassells to the Glaziers, described as a 3-acre tract adjoining old Tennessee Highway 149 on which the home, barn and garage of the Hassells is located.

4. A tract conveyed by the Hassells to Ronald and Harold Suiter, adjoining old Tennessee Highway 149, having dimensions of 565.82 feet, 466.23 feet, 257.15 feet and 16.99 feet.

5. A tract conveyed by the Glaziers to Joseph Gannon et. ux., being lot 9 on the unrecorded plot of Hassell Heights.

6. A tract sold by Frederick Glazier to Charles M. Warren, Jr., et. al., containing 50.88 acres.

On July 23, 1992, the Gannons' filed the present suit alleging:

1. Their ownership of "Tract 9" (lot 9, described above).

2. The defendants-Kochs' ownership of the entire tract conveyed to the Glaziers on March 8, 1985.

3. That Debra Drive had been graded and graveled for use of lot owners.

4. That the defendants had erected a fence and gate obstructing Debra Drive and plaintiffs' access to Highway 149.

The complaint prayed for a permanent injunction against obstruction of Debra Drive and for damages.

The defendants answered denying material allegations.

The judgment of the Trial Court reads as follows:

This cause came on to be heard on the 19th day of April, 1994, on the Petition of Plaintiffs for a permanent injunction enjoining the Defendants from obstructing Plaintiffs' access to a tract of land owned by the Plaintiffs, for an injunction restraining the Defendants from turning loose vicious dogs, which interfered with the Plaintiffs' rights in access to their property; for damages for lost sales, punitive damages, and for general relief; testimony of witnesses, statements of counsel and all the record in this cause, from all of which is appearing to the Court that the Plaintiffs have a right to maintain access to their property along the roadway now known as Debra Drive, but that access may in no ways limit the use of the real property of the Defendants; that Defendants may not unreasonably limit the Plaintiffs' access to their lot; that the Defendants' unlocked gates do not unreasonably limit the Plaintiffs' access to their lot so long as no approved roadway exists; and it further appearing that the Plaintiff may bring the easement to the quality of a roadway that might be dedicated and accepted as a road by the county, and once the easement is improved to the extent that it might be dedicated and accepted as a road by the county; the Defendant would not then be allowed to limit access; and it further appearing that upon bringing the easement to the quality of a roadway, that it might be dedicated and accepted as a road by the county the Plaintiffs shall have an easement for the roadway now known as Debra Drive and should be allowed, as part of the improvement, to run utility lines along said easement to their property and that the costs of this cause should be borne by the Defendants.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that:

1. That until Plaintiffs improve their easement to the extent that it might be dedicated and accepted as a road by the county, the Plaintiffs may have an easement and access to their lot along the road known as Debra Drive;

2.      That Defendants may place a gate across the easement as long as it is unlocked and Plaintiffs have access to their easement and lot limited only by the necessity of opening and closing Defendants' gate or gates;

3.      Once the easement is improved to the extent that it might be dedicated and accepted as a road by the county, the Defendants will not be allowed to limit access;

4.      The Plaintiffs may improve the road, including extending utilities along said easement to bring the easement to the quality of a roadway that might be dedicated and accepted as a road by the county; and

5.      The Defendants are permanently enjoined from interfering with Plaintiffs' reasonable access to their lot, except by unlocked gates that must be opened and closed by the Plaintiffs and said easement being more specifically described below:

> Beginning at an iron pin in the south right of way of Debra Drive, this iron pin being 2627.90 feet west of the west right of way of Tennessee Highway 149 as measured along the south right of way of Debra Drive, thence South 12 degrees 43 minutes 52 seconds east 215.36 feet to an iron pin in a fence line; thence south 80 degrees 03 minutes 31 seconds west 231.98 feet with a fence line to an iron pin; thence north 3 degrees 04 minutes 56 seconds west 263.07 feet to an iron pin in the south right of way of Debra Drive; thence with the south right of way of Debra Drive south 86 degrees 33 minutes 20 seconds east 146.18 feet to an iron pin; thence with a curve for 48.26 feet, this curve having a radius of 1665.62 feet, a tangent of 49.26 feet, a degree of curve of 3 degrees 26 minutes 24 seconds, a total curve length of 98.49 feet and a central angle of 3 degrees 23 minutes 17 seconds, to the iron pin at the point of beginning, this tract of land containing 1.16 acres more or less and being Tract 9 of an unrecorded plat of Hassell Heights Estates according to a survey of Joseph A. Gannon dated July 8, 1985, Tennessee license number 616.
>
> The above property being a portion of the same property conveyed to the Grantors by deed from C.E. Hassell, et ux, of record in Official Record Book Volume 355, Page 2239, Register's Office for Montgomery County, Tennessee. Reference is hereby made to a Power of Attorney of record in Official Record Book Volume 359, Page 1074, of said Register's Office.

The costs of this cause shall be taxed to the
Defendants

The quoted order undertakes to describe by metes and bounds the easement but instead describes Tract 9 of Hassell Heights consisting of 1.16 acres, which is the land of the Gannons in whose favor the easement is granted.

This inadvertence must be corrected on remand. The order should describe the easement by metes and bounds, beginning at highway 149 and ending at Tract 9, and describing the exact width of the easement.

The relief granted in the order requires attention.

1.      The plaintiffs are granted an easement for access to their lot.  This appears to be an appurtenant easement for access to a particular tract of land.  As such, it would belong to the successive owners of the land so benefitted. *Jones v. Ross*, 54 Tenn. App. 136, 388 S.W.2d 640 (1963).  Since the use of the easement is limited to the needs of the owner of the land benefitted, the easement is a private, not a public easement. *See Black's Law Dictionary, Fourth Edition, p. 600.*

An easement may be created by the provision for streets in a subdivision, but subdivisions must be recorded in the County Register's Office, and approval of the local planning authority is generally required for such registration.  TCA § 13-3-411.  This record does not show that the plot of Hassell Heights Subdivision has been approved or registered or that any public authority has accepted any dedication of Debra Drive.

A private easement may be created by express deed of the owner of the subservient estate, or by necessary inference from the sale of a portion of a tract without expressly providing access

to the conveyed portion across the land of the conveyor. *City of Whitwell v. White*, Tenn. App. 1974, 529 S.W.2d 228. This record does not demonstrate such a creation of a private easement.

A private or public easement may be created by prescription, but there is no evidence in this record that any such right has been so created.

A private easement for access to landlocked land may be obtained by petition to the "county court," which must appoint a jury of view to lay off and mark a road not exceeding 25 feet in width and to assess damages to be paid to the owners of the properties crossed by the right of way. TCA §§ 54-14-101-117, inclusive. Land owners subject to an easement may erect gates. See *Luster v. Garner*, 128 Tenn. 160, 159 S.W. 604 (1913); <u>*Long v. Garrison*</u>, 1 Tenn. App. 211 (1925).

It does not appear that this has occurred in the present case.

TCA § 54-10-103 provides for the establishment of county roads by action of the "county court," but such action must be taken in accordance with statutes governing the exercise of the power of eminent domain, with just compensation. TCA §§ 29-17-801-814, inclusive.

It does not appear that such action has been taken in the present case.

2.      TCA § 54-10-108, 109 provides for gates across county roads of the third and fourth class by action of the county legislative body.

It does not appear from the record that a private easement has been created in this way.

3. The cited statutes do not provide for "unlimited access" simply because the holders of a private easement had been "dedicated" or "improved."

4. The same is true of the installation of utilities.

5. The authority to permit gates, locked or unlocked across a private easement is not provided by statute. It has, however, been recognized by our case law. See *Luster v. Gardner*, 128 Tenn. 160, 159 S.W. 604 (1913). And, as above stated, a county court may allow gates across certain county roads.

The defendants-appellants present a single issue as follows:

> Whether the trial court erred in holding that the dominant tenants (appellees-GANNONS) of an easement of ingress and egress by necessity have the future right to improve that easement up to county road standards and dedicate that easement to the county for acceptance as a county road thereby increasing the burden of the easement on the servient estate.

The plaintiffs-appellees state the issue as follows:

> Was the Trial Court correct in granting to the Gannons an easement across the property of the Kochs when said easement of Debra Drive was referred to in the deed of the Kochs and existed at the time of his purchase and further permitting the Gannons the opportunity to maintain and improve said drive up to the standard that was initially intended by the original parties?

It is apparent from the result reached in the Trial Court that the parties did not sufficiently supply the details necessary for the Trial Court to render definitive and correct findings and conclusions such as:

What right have the plaintiffs because of an unapproved, unregistered subdivision, or arising out of any recorded instruments. If any such rights exist, what is the width of the easement and its location?

Whether such easement extends all the way to the public way, and across whose property?

Whether the plaintiffs' land is "landlocked," and, if so, whether proper steps have been taken to acquire access to the public way.

The judgment of the Trial Court is vacated and the cause is remanded for further proceedings to enable the parties to present a more definitive picture of the situation, especially a correct map of the properties adjoining Hassell Heights Subdivision with particular reference to the proper route of a road to provide to plaintiffs access to the public way.

After hearing the matter further, the Trial Court is directed to enter its judgment defining with specificity the rights of the parties in conformity with this opinion. The costs of this appeal are assessed against the appellees.

**VACATED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE