Foshee *et al. v.* Brigman.

(*Knoxville,* September Term, 1938.)

Opinion filed June 10, 1939.

KILGO & ARMSTRONG, of Greeneville, for appellant.

FRANK M. BERRY, of Greeneville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was brought by certain landowners to enjoin defendant Brigman from maintaining gates or bars across a right of way to which complainants were entitled, running across the lands of the defendant, from their premises to the public road. The chancellor dismissed the bill but the Court of Appeals reversed his decree and decreed for complainants on the authority of *Melton* v. *Donnell*, 173 Tenn., 19, 114 S. W. (2d), 49.

The chancellor's decree was evidently based on *Luster* v. *Garner*, 128 Tenn., 160, 159 S. W., 604, 48 L. R. A. (N. S.), 87, Ann. Cas., 1914D, 769. In *Melton* v. *Donnell*, *supra*, it was thought that changed conditions required a change of the rule announced in the earlier case and it was held that where a road has been used for passage without gates or bars under an adverse claim of right uninterruptedly for twenty years or more, the owner of the land over which the road ran—the servient estate—was not entitled to erect gates or bars. The reasons for

this change of view on the part of the court are set out in the opinion.

In the case before us the right of way does not rest on prescription—was not acquired by adverse use for twenty years or more. Complainants base their claim on their deeds. The deeds, describing the land conveyed by metes and bounds, add "together with a right of way to the road at Bible's house." Bible's house is located on the public road, across that road from the lands of defendant.

The original owner of all the land conveyed that portion nearest the road to Brigman and the deed to Brigman reserved a right of way for the complainants as aforesaid. The particular road was opened up by the original owner when all the land was his and he used it to get to the back of his premises and haul out wood. The road is well defined.

The proof is in irreconcilable conflict as to the presence of gates and bars across this road in previous years. A short while before this suit was brought, defendant put gates across the road, complainants claim by permission, with the understanding that their erection was temporary. The defendant owned land on both sides of the road and wished to use both sides for a pasture. There was no water for his stock on the north side and it would of course be inconvenient and put him to some expense to fence the road. Balancing the relative inconveniences to the parties we think they are about equal. It would of course put complainants to some trouble to open and close gates as they passed through, and defendant's troubles, which the absence of gates will cause, have been indicated.

As heretofore stated, the complainants claim this easement under their deeds and it seems to us this is a

case for the application of the general rule as to the erection of gates on a way acquired by a grant.

"It may be laid down as a general rule that the grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from doing so; and unless it is expressly stipulated that the way shall be an open one or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way if they are constructed so as not unreasonably to interfere with the right of passage." 17 Am. Jur., 1011.

Cases supporting the foregoing rule are collected in 73 A. L. R., 779, from twenty-seven jurisdictions.

*Melton* v. *Donnell, supra,* supports the conclusion therein announced by citation of the following cases: *Fankboner* v. *Corder,* 127 Ind., 164, 26 N. E., 766; *Shivers* v. *Shivers,* 32 N. J. Eq., 578, affirmed in 35 N. J. Eq., 562; *Hill* v. *Miller,* 144 Ga., 404, 87 S. E., 385; *Puryear* v. *Clements,* 53 Ga., 232; *Bolton* v. *Murphy,* 41 Utah, 591, 127 P., 335; *Rogerson* v. *Shepherd,* 33 W. Va., 307, 10 S. E., 632.

■■ An examination of these authorities discloses that all of them recognize a difference in the rights of the owner of the dominant estate where his easement arises by prescription and where it arises under a deed. If the easement is claimed under a grant, the extent of the easement is determined by the language of the grant. If the easement is claimed by adverse use, the extent of the easement is determined by the character of the use. If for twenty years the easement has been adversely claimed and used, free from gates, under *Melton* v. *Donnell, su-*

*pra,* the owner of the servient estate can not impair the easement by the erection of gates.

The claim to the easement in the case before us, however, being based alone on the deeds, we see no reason for departing from the general rule and restraining the defendant from the erection of gates. No special equities in favor of the complainants are here present.

Court of Appeals reversed and chancellor affirmed.