IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2003 Session

## KENNETH E. SUTTON, and wife, JUANITA SUTTON v. LISA BAYSDEN

**Direct Appeal from the Chancery Court for Roane County**
**No. 14198     Hon. Frank V. Williams, III., Chancellor**

**FILED JANUARY 29, 2004**

**No. E2003-00459-COA-R3-CV**

In an action to enforce right to easement, the Trial Court enjoined defendant to remove gate across easement and otherwise not interfere with plaintiffs' use.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William Allen, Oak Ridge, Tennessee, for Appellant.

J. Polk Cooley, Rockwood, Tennessee, for Appellees.

## OPINION

In this action plaintiffs ask the Court to enforce their right to use an easement across defendant's land which plaintiffs claim was awarded to them in a 1983 court judgment against defendant's predecessor-in-title.  Plaintiffs asserted that defendant erected a gate across the easement, padlocked it, and refused to allow access to the easement.  Defendant answered and alleged that plaintiffs had abandoned the easement, and admitted there was a padlocked gate, but stated the gate was left unlocked during daylight hours, and that she had erected the gate to protect her home.

At the trial, plaintiff testified that he obtained a Judgment in 1983, recognizing his

easement across the property. The 1983 Judgment states plaintiffs had a prescriptive easement across the land at issue. Plaintiff testified to numerous instances where defendant had interfered with their use of the easement. Defendant in her testimony, admitted that she was aware of the easement at the time she purchased the property, because the prior owner told her about it. Following the evidentiary hearing, the Trial Court entered judgment, finding that plaintiffs owned a permanent easement across the land, and that the easement was an easement appurtenant to the lands of the plaintiffs, and was available to all persons lawfully accessing plaintiffs' land. The Court found that the easement had not been abandoned, and that plaintiffs had the right and responsibility to maintain the easement. The Court then enjoined defendant from obstructing the free and unrestricted access and use of the easement by plaintiffs and their agents, and enjoined the defendant from placing a gate across the easement. Additionally, plaintiffs were awarded a Judgment against defendant for $1,230.00 in damages for loss of one year's rental receipts on their property, due to defendant's interruption of access.

On appeal, defendant argues the Trial Court erred in denying the defendant the right to maintain a locked gate across the easement, and erred in awarding damages for the loss of rental income.

Our standard of review is *de novo* with a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the legal conclusions reached by the Trial Court. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

Defendant insists that the gate was necessary for her use and enjoyment of her land, and that it does not unreasonably interfere with plaintiffs' use of their land.

Plaintiffs argue, however, that the easement was obtained by prescription, and thus common law prevents defendant from erecting a gate, since no gates were present during the prescriptive period. *See Foshee v. Brigman*, 129 S.W.2d 207 (Tenn. 1939); *Melton v. Donnell*, 114 S.W.2d 49 (Tenn. 1938); *Zumstein v. Smith*, 1996 WL 659063 (Tenn. Ct. App. Nov. 14, 1996).

The 1983 Judgment states that "the court finds . . . that the plaintiffs and their predecessors in title have established a prescriptive easement in and to the hereinafter described real property by continuous and adverse use of the said roadway in excess of twenty (20) years under a claim of right." That Court then referred to a deed found in "Deed Book Z, Series 13, Page 379". There is no other reference to the deed in this record, but that Trial Court relied upon the deed to establish the legal description. Thus, *Melton* and its progeny control, and the defendant was properly enjoined from erecting a gate, since none existed during the prescriptive period. *See Melton*, *Foshee*, and *Zumstein*.

Defendant also claims the Trial Court erred in awarding damages for loss of rental income, because the proof regarding such damages was speculative. Defendant asserts that plaintiffs

had allowed Basler to use the property for hunting for many years, and there was no evidence that Basler paid plaintiffs anything. Further, defendant asserts the amount of the lease income was not proven to be fair and reasonable.

In this regard, we have said:

As regarding proof of damages, this Court has previously explained the party seeking damages has the burden of proving them. In tort cases, the proof of damages need not be exact or mathematically precise. Rather, the proof must be as certain as the nature of the case permits and must enable the trier of fact to make a fair and reasonable assessment of the damages. The amount of damages is not controlled by fixed rules of law, or mathematical formulas. It is instead left to the sound discretion of the trier of fact.

Damages may never be based on mere conjecture or speculation. However, uncertain or speculative damages are prohibited only when the existence, not the amount, of damages is uncertain. Evidence required to support a claim for damages need only prove the amount of damages with reasonable certainty.

*Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).

We have also observed: "While it is true that speculative damages cannot be recovered, in the sense that the fact of damage is uncertain, contingent or speculative, 'mere uncertainty as to the amount will not prevent recovery if the evidence is of such certainty as the nature of the case permits and such as to lay a foundation enabling the trier of fact to make a fair and reasonable assessment of damages.' *Pinson & Associates Ins. Agency, Inc. v. Kreal*, 800 S.W.2d 486, 488 (Tenn. Ct. App. 1990), *quoting Wilson v. Farmer's Chem. Ass'n*, 444 S.W.2d 185, 189 (Tenn. Ct. App. 1985).

The foregoing explains, speculation as to the existence of damages is unacceptable, but if plaintiffs have established that they in fact have been damaged, the trier of fact has discretion to determine what is a reasonable amount of those damages.

In this case, plaintiffs proved that they had been damaged by defendant's conduct, as she prevented them from using the easement and accessing their property for over 3 years. Plaintiff testified that he had an agreement with Basler to lease the property for $1,230.00 per year, and the agreement fell through because they could not use the property. Basler's testimony confirmed this agreement, and Basler testified that he would have paid plaintiffs that amount of rent if he had been able to traverse the easement. The existence of damages was clearly proven, and the amount claimed by plaintiff was found to be reasonable by the Trial Court. The evidence does not preponderate against the Trial Court's award of damages.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal

assessed against Lisa Baysden.

_____
HERSCHEL PICKENS FRANKS, J.