IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, June 14, 2010

**MARY LOU GAMMO v. RICHARD ROLEN, et al.**

**Appeal from the Chancery Court for Washington County**
**No. 34456      Hon. G. Richard Johnson, Chancellor**

**No. E2009-02392-COA-R3-CV - FILED JULY 19, 2010**

The parties were previously before this Court in an appeal by reason of an easement claim by the plaintiff. This Court ruled that plaintiff had an easement, and we remanded the case to the Trial Court and defendants filed a motion to determine the extent of the easement. A trial ensued and the Trial Judge ordered defendants to remove a gate and a fence which impaired plaintiff's use of her easement. On appeal, we affirm the Judgment of the Trial Court, as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellants, Richard Rolen and Lisa J. Rolen.

Mark D. Edmonds, Jonesborough, Tennessee, for the appellee, Mary Lou Gammo.

**OPINION**

Plaintiff brought an action for injunctive relief to remove a fence erected by defendants, and alleged that she bought her property from grantors who had owned the property since 1970. She alleged that an alley on the rear of the property for ingress/egress

had been used openly and notoriously for the past 28 years, and that she had also used the alley since she purchased the property in 1999. She further alleged that the defendants, adjacent property owners, sent her a letter informing her that the alley to New Street would be closed and a fence would be erected along plaintiff's property line preventing the use of the driveway by plaintiff. She further alleged that defendants erected a fence that prevented her from using the alley/driveway, and that she sought removal of the fence and restore her to full use of the alley.

Defendants answered, denying the material allegations, and after an evidentiary trial, the Trial Court dismissed the complaint, finding there was no easement. Plaintiff then appealed to this Court and this Court in the case of *Gammo v. Rolen, et al.,* E2006-02704-COA-R3-CV, filed on October 24, 2007, affirmed the Trial Court in part, but reversed the Trial Court in part, finding that while plaintiff did not prove the existence of a prescriptive easement, that a deed in her chain of title "created an easement appurtenant for use of the Rolens' alley, because the lots now owned by Ms. Gammo and the Rolens were held by a common grantor when this deed was executed". We concluded in that opinion that plaintiff had an easement appurtenant for the use of the alley and remanded the case to the Trial Court.

Upon remand, defendants filed a motion for the Trial Court to determine the extent of the easement and the Trial Court then heard evidence. Following the evidentiary hearing, the Court entered an Order finding that defendants had constructed a chain link fence on the property line between the parties' properties, and then later added an eight foot gate in the fence. The Court found the fence did not connect with any other fence, but that the defendants claimed that it was necessary because plaintiff had complained about their dogs. The Court found that the plaintiff denied this and stated that she only requested defendants let her know if they were letting their dogs out so she could take her guests inside her house.

The Court found the defendants used the dog issue as a pretext for building the fence, and that the fence served no purpose except to materially increase the burden on plaintiff's use of the easement. Further, the Court observed that Ms. Rolen also testified that third parties had entered the right-of-way from New Street without permission and could not turn around without going all the way to the Rolens' house and hitting structures on their property. The Court ruled that the Rolens needed a gate and could erect one on that portion of the drive which plaintiff did not have the right to pass over, and which would not prevent her using the easement.

The Court ordered the defendants to remove the fence and held they could not maintain a fence or gate along any portion of the common boundary between their property and plaintiff's property, and that defendants could construct a gate across the alleyway at any point "past the corner on which Mrs. Gammo's rights to pass over the driveway exists, which

point is approximately 210 feet in a northeasterly direction from the parties common corner on Hillrise Avenue". On appeal, defendants have raised these issues:

1. Whether the Trial Court erred in holding that defendants were precluded from constructing a fence along their common boundary line with plaintiff?

2. Whether the Trial Court erred in holding that defendants were precluded from placing a gate at the entrance of the driveway which would allow plaintiff to exit her property using the driveway?

A fence or gate may only be erected on an easement if it is shown that the same is necessary for the servient tract owner's use and enjoyment of his land, and if it does not reasonably interfere with the use of the easement. *See Ogle v. Trotter*, 495 S.W.2d 558 (Tenn. Ct. App. 1973). In this case, as the Trial Court found, the fence was not necessary to the defendants' use and enjoyment of their land, and served no real purpose other than to mark the property line. The Court found that it was not erected for the purpose of containing defendants' dogs, as Ms. Rolen claimed, but rather was actually more of a "spite fence". It was also demonstrated that this fence interfered with plaintiff's use of the easement, as it completely blocked her access to the driveway.

In the cases relied upon by the plaintiff, and, in fact, all cases located in this State which have addressed the issue, and where the courts have ordered a fence along an easement to be removed, there has been a showing that the fence interfered with the use of the easement in some way. *See Ogle*, *see also Hughes v. Poulton*, 2005 WL 2777346 (Tenn. Ct. App. Oct. 25, 2005).

Other cases have said that where a fence is placed along the edges of the easement but does not restrict it in any way, the fence may remain. *See Hughes*, *Carroll v. Belcher*, 1999 WL 58597 (Tenn. Ct. App. Feb. 9, 1999). These rulings are consistent with the long-standing rule of law regarding easements, that "[t]he owner of a right-of-way across the land of another, whether it was acquired by grant or by prescription, is entitled only to a reasonable and usual enjoyment thereof, in view of all the circumstances of the case and of the use then and theretofore made of the premises affected by it, and the owner of the soil is entitled to all the rights and benefits of ownership consistent with the easement." *Long v. Garrison*, 1 Tenn. App. 211 (Tenn. Ct. App. 1925). In this case, permanently restraining the defendants from ever placing any type of fence, no matter the type or purpose, along the common boundary would unduly restrict the defendants from the reasonable use of their property. "The use of an easement must be confined strictly to the purposes for which it was granted or reserved." *Shew v. Bawgus*, 227 S.W.3d 569 (Tenn. Ct. App. 2007); *see also Foshee v. Brigman*, 129 S.W.2d 207 (Tenn. 1939). In this case, the easement was granted

for "access", and thus so long as plaintiff has reasonable access the defendants should not be enjoined from constructing a fence in the future on their property line, so long as the fence does not impair an easement.

As to the gate issue, the rule in this State is that gates may be maintained across an easement so long as the grant does not specify that the way must be kept open, and so long as the gates do not unreasonably interfere with the right of passage. *See Foshee v. Brigman*, 129 S.W.2d 207 (Tenn. 1939)l; *Reider v. Orme*, 68 S.W.2d 960 (Tenn. Ct. App. 1933) and *Ogle v. Trotter,* 495 S.W.2d 558 (Tenn. Ct. App. 1973). The "erection of a gate must be evaluated in terms of whether it is 'necessary to [the servient estate's] use and enjoyment,' and whether the maintenance of the gate 'unreasonably interfere[s] with the use of the' easement." *Cooper v. Polos*, 898 S.W.2d 237 (Tenn. Ct. App. 1995).

The Rolens testified and argued that the gate was needed at the end of the driveway because they often had third parties come down the driveway and then get "stuck", and that the third parties, in effect, were trespassers.

The Trial Court found, however, that the gate would be unduly burdensome to plaintiff, and that the gate should instead be placed closer in to defendants' home, beyond the point of plaintiff's easement. The evidence does not preponderate against the Trial Court's finding on this issue. Tenn. R. App. P. 13(d).

In sum, we affirm the Judgment of the Trial Court, as modified, in that the prohibition about the fence by the Trial Judge is overly broad, and as need arises in the future, the defendants are not permanently enjoined from erecting a fence along their property line as future conditions may dictate.

The Trial Court's Judgment is affirmed as modified, with the cost of the appeal assessed to Richard and Lisa Rolen.

_____
HERSCHEL PICKENS FRANKS, P.J.

-4-