FILED
06/28/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2017

## GLENN R. BURKEY ET AL. v. GEOFF POST ET AL.

**Appeal from the Chancery Court for Marion County**
**No. 7779    Jeffrey F. Stewart, Chancellor**

_____

**No. M2016-02411-COA-R3-CV**

_____

In this case, the plaintiffs sued the defendants for constructing a gate that interfered with their use of an existing gravel road located on the defendants' farm. According to the plaintiffs, access to their property required use of the gravel road. The gravel road in question crosses two separate tracts owned by the defendants and runs southwest to northeast from a state highway through the defendants' farm and then east to west through another tract. Although the plaintiffs claimed that the easement was fifty-feet in width along its entire length, the court found that the section of the road running through the defendants' farm was a public road with a width of only twelve feet. The court also denied the plaintiffs' request for discretionary costs. The plaintiffs appeal the court's finding concerning the width of the public road and the denial of discretionary costs. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

M. Keith Davis, Dunlap, Tennessee, for the appellants, Glenn R. Burkey and Pamela Burkey.

J. Harvey Cameron, Jasper, Tennessee, for the appellees, Geoffrey Post and Nancy Post.

Julian L. Bibb III and Erika R. Barnes, Nashville, Tennessee, for the appellee, Land Trust for Tennessee, Inc.

## OPINION

## I.

### A.

Geoffrey Post and his wife Nancy Post own a 446.2-acre farm in Marion County, Tennessee. They acquired the farm from Holland M. Ware on February 6, 2004.

To the north of the Post farm lies the "Hargiss Property," which is composed of three separate tracts.[1] From west to east, these tracts are identified as Tract Two, Tract One, and Tract Three. At one point, Mike Cardin owned all three tracts, but he later transferred each tract to different owners. Over time, the Posts came to own Tract One and Tract Three of the Hargiss Property. Tract Two, the westernmost tract of the Hargiss Property, is now owned by Glenn R. Burkey and his wife, Pamela Burkey.

According to the Burkeys, access to Tract Two requires the use of an existing gravel road that crosses both the Post farm and Tract One. Specifically, from State Highway 156, they must travel northeast through the Post farm along the gravel road up to a gate located at Tract One. Then, they must travel west across Tract One along a connecting gravel road, which leads to the southeastern corner of their property, Tract Two.

The drawing below shows the general location of the properties, as well as the approximate location of the existing gravel road.



---

[1] The parties refer to these three tracts as the "Hargis [sic] tract," named after George W. Hargiss, who owned all three tracts from 1971 to 2005.

B.

On January 30, 2015, the Burkeys filed a petition "to establish their rights to a road across the real estate owned by" the Posts in the Chancery Court for Marion County, Tennessee.[2] The Burkeys claimed "either a [fifty-foot] public road or private easement" over the gravel road running through the Posts' properties. In support of their claim, they cited their deed to Tract Two of the Hargiss Property, which referenced a "50 foot access and utility easement extending from State Highway 156 along the existing gravel roadway through the Post farm and Tract One." The Burkeys alleged similar language appeared in the deeds transferring Tract One and Tract Three to the Posts and deeds by a prior owner of the tracts, Mr. Cardin. The Burkeys also alleged such an easement was "specifically identified" in the deed to the Post farm.

The petition further claimed that the Posts had "interfered with the [Burkeys'] use of the subject road and have maintained a locked gate to deny the [Burkeys] access to the[ir] real estate." So the Burkeys requested a temporary restraining order "prohibiting [the Posts] from obstructing and/or interfering with the [Burkeys'] use of the subject road and/or easement," which the chancery court granted pending a hearing.

The Posts filed an answer admitting their interference with the Burkeys' use of the gravel road. According to the answer, "the road sought to be used does not go to and connect with the [Burkeys'] property." But the Posts denied Tract Two was landlocked, claiming "there is a private road or easement across lands of the [Posts] to access the property of the [Burkeys]."[3] The Posts claimed they "ha[d] been working with the [Burkeys] to provide them with a convenient access to their property," such as by "construct[ing] a[nother] road across [the Post farm]."

The Posts also denied the existence of a fifty-foot easement over their properties. The Posts acknowledged that their deeds to Tract One and Tract Three and the Burkeys' deed to Tract Two all "call for a fifty (50) foot access and utility easement extending

---

[2] The Burkeys later amended their petition to add Gary W. Case and the Land Trust for Tennessee, Inc. as defendants "so as to properly adjudicate the rights of all persons who may have an interest in the road which is the subject of this action." According to the amended petition, "[t]he existence of said road is also expressly acknowledged . . . in the deed to the tract of real estate owned by the Amended Respondent GARY W. CASE." And the Posts "executed a conservation easement [over the Post farm] in favor of the Amended Respondent THE LAND TRUST FOR TENNESSEE, INC. which specifically recognizes the subject road." On appeal, the Land Trust for Tennessee, Inc. generally adopts the position of the Posts. Mr. Case filed no brief.

[3] The Posts built another road across their farm, leading directly to the southwestern corner of the Burkeys' property from Highway 156. Before trial, the Posts offered to convey to the Burkeys a "non-exclusive perpetual easement" over this newer road. Apparently, the Burkeys did not find this offer acceptable.

from State Highway 156 along the existing gravel road way through the Post farm." And similar language also appeared in the deeds from their common predecessor-in-title, Mr. Cardin, but Mr. Cardin never owned an interest in the Post farm. As such, the Posts argued Mr. Cardin's purported conveyance of the easement over their farm "ha[d] no basis of title," and subsequent deeds to the Hargiss Property, including the Posts' and the Burkeys' deeds, making reference to these fifty-foot easements were void.

In a later amended answer, the Posts denied that the deed to their farm by Mr. Ware included a fifty-foot access and utility easement. Rather, according to the Posts, the deed merely "reference[d] 'the existing gravel roadway leading to the Hargis [sic] tract.'"

On March 12, 2015, following a hearing, the court denied the Burkeys' request for a temporary injunction. Instead, the court granted the Burkeys access to their property over both the existing gravel road and a newer road that had been constructed by the Posts for use by the Burkeys. The court also narrowed the issue for trial to "the width of the road leading to the Hargiss property."

Following a two-day trial, the court entered an order on the petition, which attached and incorporated its oral rulings. The court found that the road over the Post farm was a public road with a width of twelve feet. The court also granted the Burkeys a fifty-foot easement over Tract One and found the easement to be located "on the South 50 feet of Tract One . . . running along a fence line in the North boundary line of" the Post farm. The court enjoined the Posts from "interfering or hindering the [Burkeys'] . . . access to their property across property of the [Posts]."

Later, the Burkeys moved for discretionary costs, which the Posts opposed. The court denied the motion. The Burkeys now appeal.

## II.

In a nonjury case, our review of the trial court's factual findings is de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Our review of questions of law is de novo, with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

### A. WIDTH OF THE ROAD/EASEMENT

On appeal, the Burkeys primarily take issue with the court's finding that the public road running from Highway 156 through the Post farm to Tract One of the Hargiss Property was twelve-feet wide. Specifically, they point to the following language in the deed to the Post farm from Mr. Ware:

4

thence leaving said centerline of the unimproved roadway N 84d03'06" w a distance of 2486.28' to a point being 25 feet from the centerline and in the South margin of an existing gravel roadway leading to the Hargis tract;

thence continuing along and with said South margin of the existing gravel roadway leading to the Hargis tract 25 feet from said physical centerline the following chord bearings and distances . . . .

The Burkeys suggest that a "reasonable interpretation" of this language "could lead one to conclude that the subject road was a fifty-foot wide right-of-way." The Burkeys also argue that the court "ignored the express language contained within each of the eleven (11) recorded documents which acknowledged the fact that the portion of the road which ran from State Highway 156 to the Hargis [sic] Tract was fifty (50) foot wide."[4]

We find the Burkeys' focus on the "recorded documents" misplaced. The language in a deed controls the extent and scope of an easement only if "the easement is claimed under a grant." *Foshee v. Brigman*, 129 S.W.2d 207, 208 (Tenn. 1939); *Rogers v. Roach*, No. M2011-00794-COA-R3-CV, 2012 WL 2337616, at *7 (Tenn. Ct. App. June 19, 2012) ("It is axiomatic that the extent of an easement can be established by a written description in the grant of the easement."); *see also* 25 AM. JUR. 2D *Easements and Licenses* § 70, Westlaw (database updated May 2018) ("Where the width of an easement . . . is set forth in a granting instrument in specific and definite language, the expressed terms control."). Otherwise, "the extent of the easement is determined by the character of the use." *Foshee*, 129 S.W.2d at 208; *see also Adams v. Winnett*, 156 S.W.2d 353, 358 (1941) ("Where easement is not specifically defined, it need be only such as is reasonably necessary and convenient for purpose for which it was created.").

The trial court determined that the gravel road across the Post farm was a public road. "A public road is a way open to all the people, without distinction, for passage and repassage at their pleasure." *Standard Life Ins. Co. v. Hughes*, 315 S.W.2d 239, 242 (Tenn. 1958) (quoting *Sumner Cty. v. Interurban Transp. Co.*, 213 S.W. 412, 413 (Tenn. 1919)). Also called a public easement or a public way, a public road may be created "by act of the public authorities, or the express dedication by the owner, or an implied dedication by means of the use by the public and acceptance by them with the intention of the owner that the use become public, or by adverse use[] for a period of 20 years continuously creating a prescriptive right." *Id.*; *Sanders v. Mansfield*, No. 01-A-01-9705-CH00222, 1998 WL 57532, at *2-5 (Tenn. Ct. App. Feb. 13, 1998). Here, the court

---

[4] The "eleven (11) recorded documents" refer to (1) all of deeds in the parties' chain of title to the Hargiss Property beginning with Mr. Cardin's conveyance to three different grantees, (2) the conservation easement the Posts created in favor of the Land Trust for Tennessee, Inc., (3) the deed to the Post farm, and (4) the deed of trust the Posts executed in favor of Farm Credit Services of Mid-America.

determined that the public road across the Post farm was created by "an implied dedication for public use" rather than by an express dedication.[5]

Based on the unappealed determination that the public easement was created by "implied dedication for public use," we need not focus on the "recorded documents" in reviewing the determination of the width of the road/easement across the Post farm. Instead our focus is on the proof concerning the use of the easement. *Foshee*, 129 S.W.2d at 208. The determination of the width of the easement presented a question of fact. *See Huddleston v. Hoy*, No. 01-A-01-9006-CH00201, 1990 WL 186347, at *2-3 (Tenn. Ct. App. Nov. 30, 1990); *Medley v. Prichard*, 1987 WL 20037, at *1 (Tenn. Ct. App. Nov. 18, 1987).

The evidence in the record before us does not preponderate against the trial court's finding that the road running from Highway 156 to the Hargiss Property was twelve-feet wide. Several witnesses who were familiar with the road testified as to its use and width. A long-time hunter on the Post farm testified the road was a "single-lane road" that "[c]ouldn't really pass a car, but some places you could pull over and get by a car." Although logging trucks widened the road over time, the witness estimated the road to be "probably ten foot wide." Mr. Post and a land surveyor also testified that the road was ten feet wide. According to Mr. Post, the road was "maintained with a ten-foot box blade." Another land surveyor described the road as a "logging road" and estimated the road to be "12- to 14- foot wide in places." On cross-examination, a witness for the Burkeys, a forester, described the road as "a one-lane road with turnouts" so "vehicles could pass." The parties also entered into evidence several pictures of the road, which further supported the trial court's finding.

## B. DISCRETIONARY COSTS

Discretionary costs may be awarded under Rule 54.04(2) of the Tennessee Rules of Civil Procedure. Rule 54.04(2) provides in relevant part:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel

---

[5] To create an easement by express grant, "there must be a clear intention to establish a servitude." 25 AM. JUR. 2D *Easements and Licenses* § 14, Westlaw (database updated May 2018). The Burkeys make much of the fact that several recorded instruments, including the deed to the Post farm, "acknowledged" the existence of a fifty-foot road. But "[a]n acknowledgment in a deed of the existence of an easement is not equivalent to an intent to create an easement." *Id.*

expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment.

Tenn. R. Civ. P. 54.04(2).

"The party seeking to recover discretionary costs bears the burden of demonstrating that it is entitled to recover such costs." *Carpenter v. Klepper*, 205 S.W.3d 474, 490 (Tenn. Ct. App. 2006). Specifically, a party

can carry its burden by filing a timely and properly supported motion demonstrating (1) that it is the prevailing party, (2) that the costs being sought are included in Tenn. R. Civ. P. 54.04(2), (3) that the costs are necessary and reasonable, and (4) that it has not engaged in conduct during the litigation that would justify depriving it of the costs it is requesting.

*Boggs v. Rhea*, 459 S.W.3d 539, 548 (Tenn. Ct. App. 2014) (quoting *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 215 (Tenn. Ct. App. 2008)). "Parties are not entitled to costs under Tenn. R. Civ. P. 54.04(2) simply because they prevail at trial." *Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002). But generally, "courts should . . . award discretionary costs to a prevailing party if the costs are reasonable and necessary and if the prevailing party has filed a timely and properly supported motion." *Id.*

"The party who takes issue on appeal with a trial court's decision regarding discretionary costs has the burden of showing how the trial court abused its discretion." *Id.* at 36. "[A]ppellate courts are generally disinclined to interfere with a trial court's decision in assessing costs unless there is a clear abuse of discretion." *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992). A court abuses its discretion when it "either applies an incorrect legal standard or reaches a clearly unreasonable decision, thereby causing an injustice to the aggrieved party." *Woodlawn Mem'l Park, Inc. v. Keith*, 70 S.W.3d 691, 698 (Tenn. 2002).

On this record, we cannot conclude the trial court abused its discretion in denying the Burkeys' request for discretionary costs. Although several invoices were attached to the motion, the motion for discretionary costs in the record on appeal consists of one page that ended mid-sentence.[6] And there is no transcript of any hearing on the motion. As

---

[6] In their brief, the Burkeys cite solely to the one page of their motion for discretionary costs included in the record on appeal, so we cannot determine whether the motion in the record is complete or pages were mistakenly omitted. In either event, "the duty to prepare a record which 'conveys a fair, accurate, and complete account of what transpired *with respect to those issues that are the bases of the appeal*' rests on the appellant." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (quoting Tenn. R. App. P. 24(b)) (emphasis added).

such, we cannot determine whether the Burkeys properly supported their motion by way of affidavit or otherwise.[7]

## III.

For the foregoing reasons, we affirm the judgment of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

---

[7] The prior version of Rule 54.04(2) required the use of an affidavit. *See* Tenn. R. Civ. P. 54.04(2) (1992 version) (requiring that "[t]he affidavit . . . be made by the party or his duly authorized attorney or agent having knowledge of the facts, certifying that such items of costs are accurate and were reasonable and necessary to preparation and trial of the case and that the services for which such fees have been charged were actually performed"). The current version of the rule only requires that a motion be filed. Although the motion for discretionary costs still must be supported by proof, the requesting party is not limited to affidavits. *See, e.g.*, *Hill v. Tapia*, No. M2012-00221-COA-R3-CV, 2012 WL 6697308, at *13 (Tenn. Ct. App. Dec. 21, 2012) (sworn testimony submitted at trial); *Roberts v. Bridges*, No. M2010-01356-COA-R3-CV, 2011 WL 1884614, at *11 (Tenn. Ct. App. May 17, 2011) (verified motion supported by detailed invoices); *Kendall v. Cook*, No. E2005-02763-COA-R3-CV, 2006 WL 3501325, at *2-3 (Tenn. Ct. App. Dec. 6, 2006) (list of individual fees and a declaration under penalty of perjury); *Massachusetts Mut. Life Ins. Co.*, 104 S.W.3d at 36 (affidavits).